## Brown *against* Hankerson.

The arbitration bonds were dated *August 21st*, 1813, and the award was dated *August 23d*, 1813, and recited bonds dated the 21*st* of *August,* last past; held, that if a correct recital were necessary, it should be construed, in support of the award, to refer to the *day, i. e.* the 21*st* last past, instead of the *month, i. e. August,* last past.
Where the award was that *H* should deliver the said farm to *B.* &c. and that *B* should pay *H* certain moneys ; held, that the delivery of the farm was a consideration for the money, and the award being uncertain, in not describing the farm by reference or otherwise, the award of the money was also void. If that part of the award, which is void, is so connected with the rest as to affect the justice of the case, the award is void for the whole.

ERROR from the Court of Common Pleas of *Schoharie* county. The action below was debt on a general arbitration bond, executed by *Brown,* and payable to *Hankerson,* dated the 21*st* day of *August,* 1813, and conditioned that the award should be made, &c. on or before the 23*d* day of *August,* thereafter.

*Plea*—No award.

*Replication*—That the arbitrators mentioned in the condition of the bond, within the time limited, &c. made their award of and concerning the premises in the said condition mentioned, by which they awarded that all actions, &c. arisen before the day of the date of the bond, should cease, &c. that each party should pay his own costs, &c. and that *Hankerson* should deliver, or cause to be delivered to *Brown,* his right and claim of the said farm, reserving the privilege of taking off the summer crops when ripe, and of leaving the house by the first of *September* (then) next ; that *Brown* should, on or before the 1*st* day of *January* (then) next, pay $17,50, and should further pay unto *Hankerson* $17,50, on or before the 1*st* day of *August* (then) next ; and that, on the payment of the $35, the parties should execute mutual general releases, of all demands, &c. from the beginning of the world to the 21*st* day of *August* (then) last past, and assigning a breach in the non-payment of the money.

*Rejoinder*, denying that any such award was made, and issue.

On the trial, the plaintiff offered in evidence an award, dated *August 23d*, 1813, reciting mutual arbitration bonds between the parties, *bearing date August 21st, now last past*, the award being in other respects as set forth in the replication. The award was objected to, as not pursuing the authority conferred by the bonds. The Court overruled the objection, and the jury, under their direction, found a verdict for the plaintiff, and assessed his damages to $40,32. The defendants excepted to this opinion, and there being judgment for the plaintiff below, brought error to this Court.

*T. Lawyer*, for the plaintiff in error. To support the objection taken upon the trial, he cited *Allen* v. *Watson*, (16 *John.* 205) *Fisher* v. *Pimbly*, (11 *East*, 187) *Macomb* v. *Wilber*, (16 *John.* 227) and *Foreland* v. *Manygold*, (1 *Salk.* 72.) And he insisted, 2dly, that the award was void for uncertainty, in support of which he relied upon *Schuyler* v. *Vandeveer*, (2 *Caines' Rep.* 235) *Cockson* v. *Ogle*, (*Lutw.* 550) *Kyd on Aw.* 194, 258, 259 ; 2 *Saund. Rep.* 293, *a. note* (1) *and the cases there cited.*

*J. Cumming*, contra, said the words " last past" might well refer to the *day*, viz. the 21st, and not the *month ;* but if there was a clear mis-recital, this will not vitiate the award. (11 *John.* 103. 2 *Mod.* 169. 1 *Salk.* 72. 1 *Ld. Raym.* 715. 12 *Mod.* 534.)

*Curia*, per SUTHERLAND, J. The objection taken to the award, below, was, that it bore date the 23d *August*, 1813, and purported to be made by virtue of a bond of submission, which bore date " *August 21st, now last past*," whereas the bond declared on and produced in evidence bore date *August 21st*, 1813, being *August, instant*, instead of *past*. The arbitrators also awarded general releases between the parties, from the beginning of the world until the " 21*st day of August last past, being the day of the date of the arbitration bond*," thus showing that the award was made under a bond of submission, of *August* 21st, 1812, whereas the bond decla-

red on was dated *August 21st*, 1813; and consequently no authority was shewn to make the award.

The strict grammatical construction of the award is, perhaps, as contended for by the plaintiff in error. But the intention of the arbitrators is perfectly clear. They run into a mere inaccuracy of expression. To avoid such an objection we may, without any great violence, suppose that the words *last past* were intended by the arbitrators to refer to the *day*, and not to the *month*. (Vid. *Dy*. 376, *c*. *Ord on Usury*, 61, *n*, *Cro. Jac.* 646.) These awards are frequently made and drawn up by illiterate men, and it will not do to test them by the strict rules of grammar. If there had, in truth, been another bond of submission in 1812, it was competent for the defendant to show it.

But the award is bad for uncertainty. It directs, " that the said *James Hankerson* should deliver, or cause to be delivered, to the said *George Brown*, *his right and claim of the said farm*, reserving the right of taking off the summer crops, when ripe, &c. and that the said *George Brown* shall, on or before 1st day of *January* next, pay, &c. No farm was mentioned either in the bond of submission or in any previous part of the award ; nor is there any averment in the pleadings of the plaintiff in relation to it, (if, indeed, it could be helped by averment.) What farm the arbitrators intended is, therefore, altogether uncertain, and incapable of being ascertained.

In *Bedam* v. *Clerkson*, (1 *Ld. Raym.* 123) an award " that one of the parties shall deliver up to the other *a certain writing obligatory, or a certain bill obligatory*, which he had before," was held to be bad for uncertainty, no description either of the date, the maker, or the amount of the bond, being stated. So in *Cockson* v. *Ogle*, (*Lutw.* 169) an award "*that the defendant shall deliver several books*," &c. was held bad, the award not specifying what books. So in *Thinne* v. *Rigby*, (*Cro. Jac.* 314) an award that " the defendant should give security to the plaintiff, *for the payment of* £16, *at two days*," was held bad for uncertainty, not shewing what security he should give, whether by bond or otherwise. So, al-

so, in *Tipping* v. *Smith*, (2 *Str.* 1024) that the defendants *shall give security*, without specifying what, was held bad.

The award, being void in this particular, is void throughout, because the delivering of the farm by the plaintiff to the defendant, was the only act or thing which he was directed to do, and was the consideration intended by the arbitrators for the money which they directed the defendant to pay to him, and for the recovery of which this action was brought. (*Kyd on Aw.* 259, 260, *and the cases there cited.*) If that part of the award which is void is so connected with the rest as to affect the justice of the case between the parties, the award is void for the whole. (*Kyd on Aw.* 246.) The judgment below must, therefore, be reversed.

Judgment reversed.