### Osgood *vs.* Joslin and others.

Where one of the parties has obtained a special order enlarging the time to produce witnesses beyond the forty days limited by the original order, the 86th rule does not preclude the adverse party from applying ex parte for a similar order, at any time before the time limited by the extended order has actually expired.

If one party obtains an order to extend the time to produce witnesses, it operates as an enlargement of the forty day rule; and both parties have a right to take testimony during the extended time.

A special order, entered under the direction of the court, although in violation of one of its standing rules, cannot be disregarded by the parties, or the officers of the court, so long as it remains in force.

A party is not compelled to disregard an order of course, which has been irregularly entered by the adverse party, and which the latter refuses to waive;

1832.

Osgood
v.
Joslin.

but he may apply to the court to discharge the same, and in the mean time may suspend proceedings which are inconsistent with such order.

THIS was an appeal from an interlocutory order of the vice chancellor of the fifth circuit. A rule to produce witnesses was entered by the defendant's solicitor, and was served on the solicitor of the adverse party on the 26th of July, 1831. On the 29th of August, the complainant obtained an order extending the time to produce witnesses until the 24th of September. On the 19th of the last mentioned month, the defendants, upon an ex parte application to the vice chancellor, obtained another order extending the time to the 15th of October; notice of which order was duly served on the complainant's solicitor. On the 26th of September, the solicitor for the complainant considering the last mentioned order as obtained contrary to the provisions of the 86th rule treated it as a nullity, and entered an order to close the proofs. Notice of the order to close the proofs, and also a notice of an application to set aside the order of the 19th of September, were served on the defendants' solicitor on the 5th of October. In consequence of these notices he concluded to suspend the examination of his witnesses until after the decision of the court upon the regularity of these proceedings. The application to set aside the order of the 19th of September, was made on the 11th of October and denied. The defendants then gave notice of an application, for the next motion day of the vice chancellor, to set aside the order for closing the proofs, and for leave to examine the witnesses on the part of the defendants. In the mean time, and before the receipt of this notice, the complainant's solicitor entered a new order to close the proofs. The vice chancellor set aside the order closing the proofs, and gave both parties until the first of December then next to examine any witnesses whose names had before been furnished; but without prejudice to the right of either to set down the cause for hearing at the next term of the court. From this last order the complainant appealed.

*P. Gridley*, for the complainant.

*J. A. Spencer*, for the defendants.

THE CHANCELLOR. The defence set up in this case is usury; and as the defendants did not offer to pay the amount equitably due, if they have made a slip they have no claim to the special interference of the court for their relief. That principle was fully settled by this court, and by the court for the correction of errors, in the case of *Beach* v. *The Fulton Bank*, (1 *Paige's Rep.* 429 ; 3 *Wend. Rep.* 573.) The decision of the question on this appeal must therefore depend upon the regularity of the proceedings, and upon the mere technical rights of the parties according to the rules and practice of the court.

In giving a construction to the 86th rule, it is necessary to enquire what was the practice previous to the adoption of that rule, and what was the evil intended to be remedied by its adoption. When I first came into this court, I found that my predecessors had been in the habit, on the ex parte application of either party and upon affidavit showing probable cause for the delay, of extending the order to take testimony from time to time, for such time as might be deemed necessary. This practice led to great abuse, as the same party sometimes delayed the cause for a great length of time by repeated orders to extend the rule, and without giving the adverse party a chance to be heard in opposition thereto. Orders of this kind were sometimes obtained ex parte, long after the time for producing witnesses had . expired, and when the adverse party was entitled to an order of course to close the proofs. It frequently becomes necessary for one or both parties to obtain a longer time than forty days to examine their witnesses. The court, therefore, in remedying the evils which had grown out of the former practice, thought it advisable to declare, in express terms, that one such ex parte order might be obtained, provided it was applied for before the time for producing witnesses had actually expired. But only the latter clause of the rule was intended to be prohibitory, so as to deprive a party of the privilege to which he was entitled under the former practice of the court. This part of the rule merely restricts the same party from obtaining a second ex parte order. Where one of the parties obtains an order to extend the time to produce witnesses under

this rule, both parties have a right to take testimony until the expiration of the extended time. It operates as an enlargement of the 40 day rule, and the time to produce witnesses does not actually expire until after the expiration of the time thus given. The vice chancellor was therefore correct in the construction of this rule; and the order of the 26th of September, closing the proofs, was irregular. Even if the order of the 19th of September had been obtained in violation of the provisions of the 86th rule, as it was entered as a special order under the express direction of the court, I am not prepared to admit that the complainant was authorized to treat it as a nullity, although he might be entitled to have it set aside for irregularity. If the vice chancellor through inadvertence had directed an order to be entered in violation of one of the standing rules of the court, the complainant's solicitor should at least have applied to him ex parte for a special order to close the proofs notwithstanding the previous order.(a) But neither the solicitor or the clerk had a right to disregard an order entered under the express directions of the vice chancellor. (*See Jackson v. Jackson, 3 Cowen's Rep. 73.*)

It is insisted on the part of the appellant, that if the order to close the proofs was irregular, the defendants should have disregarded it, and have gone on and examined their witnesses. I think, however, even if they had the right to treat a common order irregularly entered as a nullity, they were not bound to do so; especially after service of the complainant's notice of an application to vacate the order extending the time to close the proofs. Before that application was disposed of, it was too late to give regular notice of the examination of the witnesses before the expiration of the extended order to produce proofs; and this application was noticed for the first motion day thereafter. The order of the 18th of October, to close the proofs, was also irregular. When that order was entered the complainant was still holding on to the previous order which had not been vacated; and he must then have been aware of the intention of the defendants to apply to set aside the first order, and for leave to examine their witnesses. Having deprived them of

(a) The court, upon a special application, may disregard an order irregularly obtained. (*See De Geneve v. Hannam, 1 Russ. & Mylne, 494.*)

the right to examine under their former notice by his own irregularity, he should have vacated the order to close the proofs, and stipulated to give them a reasonable time to re-notice the examination of the witnesses, before he could preclude them by a second order.

The defendants have been guilty of no laches in making their application to the court. When their solicitor received notice of the complainant's irregular order, he was from home and attending the county court. Under such circumstances, he was not bound to leave his business and return immediately to his office to make the necessary preparations for an application at the then next motion day. Such a proceeding would have been unprecedented, and was not required by the practice of this court. Reasonable diligence is all that is expected in such a case; and particularly where the adverse party cannot be injured by the delay.

The order of the vice chancellor must be affirmed with costs. And the parties respectively are to have thirty days from the time of the entry of this order, to examine the witnesses allowed to be examined by the order appealed from.