taken, and that adjudication being in full force, I must re-gard it as a bar to the application before me, as indicated in my previous opinion.

Application for discharge of petitioner from imprison-ment denied, with $10 costs.

---

AUGUSTA SCHRAUTH, Plaintiff, *against* THE DRY DOCK SAVINGS BANK, Defendant.

[SPECIAL TERM.]

(Decided August 12th, 1878.)

An order made in supplementary proceedings by a judge who has acquired juris-diction to make it, which directs a bank to pay money deposited with it in the name of the wife of the judgment debtor to the judgment creditor, to be applied upon his judgment, binds the wife who was a party to, and examined in, such pro-ceedings, and is a bar to an action brought by her against the bank for the re-covery of the money so deposited, and which has been paid by the bank in obe-dience to the order.

*It seems,* that if, upon the examination, in proceedings supplementary to execution, of a third person alleged to have property of the judgment debtor, it appears by the evidence of such third person that he claims an interest in such property ad-verse to the judgment debtor, it is erroneous to order such property to be ap-plied upon the judgment, and it can only be so applied by means of an action brought by a receiver appointed in such proceedings.

TRIAL of the action at a special term of the court be-fore CHARLES P. DALY, Chief Justice.

The action was brought to recover $225, deposited with the defendant by the plaintiff, in her name, under an agree-ment that it should be paid back on demand. The defence was that the money, when deposited, was the property of Otto Schrauth, the husband of plaintiff, and that defendant, in obedience to an order of the Marine Court of the city of New York, had paid the money to S. Bott, the attorney for William Voss, who had obtained judgment against Otto Schrauth, and that plaintiff was a party to and appeared in the proceeding in which said order was made. It appeared,

upon the trial, that the money was deposited with the defendant April 27, 1876; that Voss recovered judgment against Otto Schrauth April 25th, 1876, for $270 14, issued execution, and on April 26th, 1876, obtained an order for the examination of Augusta Schrauth, as a person having property of the judgment debtor; an order for the examination of the president and treasurer of the Dry Dock Savings Bank, on the same grounds, and an order for the examination of the judgment debtor. It further appeared that Augusta Schrauth, a book-keeper of the bank, and the judgment debtor were examined before the referee named in said order; that the referee reported that the money in the bank belonged to Otto Schrauth; that upon the various orders, and the referee's report, an order was made by the Marine Court that the bank pay the money to S. Bott, and that the amount be applied towards the satisfaction of the judgment. It further appeared that the bank paid the money to S. Bott as ordered, and that Augusta Schrauth moved in the Marine Court to set aside the order directing such payment, on the ground that the court had no jurisdiction to make it, and that it was made without notice to her; that her motion was denied; that she appealed to the general term of the Marine Court, where the order denying her motion was affirmed.

*Henry Wehle*, for plaintiff.

*Culver & Wright*, for defendant.

CHARLES P. DALY, Chief Justice.—The order of Judge Goepp, ordering the money deposited in the plaintiff's name, in the defendant's bank, to be paid to Sigismund Bott, the attorney for the plaintiff, in the judgment upon which the supplementary proceedings were founded, was undoubtedly erroneous. The Code expressly provided (§ 299), that if it appear in the supplementary proceedings that a person alleged to have property of the judgment debtor claims an interest in the property adverse to him, such interest or debt shall be recoverable only in an action against such per-

son by a receiver, to be appointed under the 298th section. The supplementary proceedings were instituted for the examination of the plaintiff, Augusta Schrauth, upon an affidavit averring that she had property of the judgment debtor, who was her husband, consisting of a bank book on the bank for savings, in the city of New York. She, and the judgment debtor, were examined before the referee, and the judgment debtor testified that he gave the plaintiff, his wife, $261 to keep for him, and that she put it in the bank; whilst on her part, she testified that he made ·a present to her of the money, which she deposited in her name, in the plaintiff's bank. This was claiming that she had an interest in this money, adverse to him ; and that being shown, it could be recoverable only by the Code, in an action brought against her by the receiver.

The order of the judge is founded on the examination taken before the referee, which is expressly referred to in the order, and upon the report of the referee, showing clearly that it was an error to order the bank where the money was deposited, in the wife's name, to pay it over to Bott, the attorney of the judgment creditor. The plaintiff made a motion to set aside this order as irregular, upon the ground of irregularity; and that it was made without jurisdiction, and without notice to the plaintiff. She also moved to have the judgment set aside, upon the ground of fraud and conspiracy. The judge to whom the application was made denied the whole motion. It may be that she had no ground for applying to set aside the judgment, but it is very clear that she had the right to have an order in the supplementary proceedings set aside, directing money in which she claimed an interest, adverse to the judgment debtor, which was deposited in her name, in the bank, to be paid by the bank to the attorney of the judgment creditor.

An appeal was taken from the denial of her motion to the general term of the Marine Court, and the appeal was dismissed, as it appears to me, upon the extraordinary ground that the appeal was in contempt of the court; because, as the opinion of the court stated, the case made by

the appellant assailed the professional character of attorneys and counsellors in full standing ; it appearing by the affidavits read upon the motion that the judgment had been obtained by collusion and fraud between the plaintiff's husband, Bott, the attorney of a plaintiff alleged to be imaginary, and with the co-operation of the referee. However this may have been, or whatever course the general term might see fit to take upon that ground, with respect to the judgment, it is very clear that the plaintiff was entitled to one part of the relief asked—the setting aside of an order disposing of all her right, claim or interest in the money in the bank, which the judge, signing the order, had granted erroneously.

This is an action brought against the bank by the plaintiff to recover the money so paid, and the defence interposed by the bank is, that they paid it upon Judge Goepp's order, which they considered they were bound to obey ; and upon the further ground, that as the defendant had applied in the supplementary proceedings to have the order set aside, she is concluded by the order denying her application, and by the affirmance of that order by the general term of the Marine Court, from raising any question collaterally as to the irregularity or invalidity of that order ; her remedy being to appeal from the decision of the general term against her to this court, if that decision were erroneous (*Porter* v. *Purdy*, 29 N. Y. 110 ; *Van Steenbergh* v. *Bigelow*, 3 Wend. 42). An order made in a proceeding in which the judge has jurisdiction of the subject-matter cannot be treated as a nullity on the ground that it was improperly granted, or even fraudulently obtained, the remedy of the party in such a case being by appeal, motion to supersede, to set aside, or to revoke it (*Gould* v. *Root*, 4 Hill, 554 ; *Jackson* v. *Jackson*, 3 Cow. 72; *Osgood* v. *Joslin*, 3 Paige, 198 ; *Spencer* v. *Barber*, 5 Hill, 568). In *Jay* v. *De Groot* (2 Hun, 205), it was held that any person who is allowed by the court to appear and be heard on the argument of a motion, is as fully concluded by the disposition which the court makes of such motion as if he had been named a personal party to it, and

received notice of the motion. If this order, whether properly granted or not, was a sufficient authority for the bank to pay over the money as directed in the order, and the only means of preventing its having that effect was to get it set aside, then, undoubtedly, the plaintiff is concluded by the proceedings in the Marine Court in which she applied to have it set aside, and in which her application was denied; so that the only question which I have to determine on this trial is, whether the order, upon its face, was a sufficient authority for the bank; for if it was, the plaintiff would have no remedy against the bank, or against the judge who made the order, or against the attorney who was authorized by the order to receive the money from the bank, her sole remedy being to have the erroneous order reversed or set aside, to which she resorted, and in which she was unsuccessful.

I think the order is a full protection to the bank. It was made in a proceeding for the examination of a person alleged to have property of the judgment debtor in her possession. The judge, therefore, who made the order requiring Mrs. Schrauth to appear before the referee, and be so examined, had jurisdiction of the subject-matter. He was authorized by the statute conferring upon the judges of the Marine Court authority to make orders for the examination of persons in proceedings supplementary to execution (McAdams' Marine Court Practice, 2d ed., append., p. 7; Laws of N. Y. 1874, chap. 545. § 7).

After the issuing of an execution against the property of the judgment debtor on an affidavit that any person has property of the judgment debtor, the judge may (§ 294), by order, require such person to appear at a specified time and place, and answer concerning the same; and (§ 297) may order any property of the judgment debtor in the hands either of himself or of any other party to be applied to the satisfaction of the judgment. The judge made such an order in this case for the plaintiff's examination. The plaintiff appeared and was examined under it, and whatever decision the judge made upon that examination, however erroneous

it might be, it is a matter which cannot be inquired into collaterally. If the judge decided erroneously that the property which the plaintiff, upon her examination, alleged to be hers was the property of her husband, although deposited in the bank in her name, the decision was binding upon her (*Fisher* v. *Hepburn*, 48 N. Y. 52, 53 ; *Kerr* v. *Blodgett*, id. 62; *Brown* v. *Nichols*, 42 N. Y. 26; *Woodruff* v. *Cook*, 2 Edw. Ch. Rep. 259; *People* v. *Collins*, 19 Wend. 56). If she could be compelled upon such an order to pay over the money to the judgment creditor, which she undoubtedly could be, her remedy being, if the order was erroneous, to have it set aside or reversed, the same order, if it directed the bank where the money was deposited to do as she could be required to do—pay the money over to the judgment creditor—and the bank, upon the presentation of the order, did so, the bank, I think, would be protected. The bank was not, in this instance, compelled to do so ; for although it is recited in the order that the original order was to examine the officers of the bank as well as the plaintiff, it appears, upon examination of the original order, that it was for the examination of the plaintiff alone ; and there is nothing in the order directing an examination of the officers of the bank. The defendants, however, might waive the examination of their officers, as it could result only in what appears from their subsequent act, they were willing to admit that they had a certain amount—$225—on deposit in the bank, to the plaintiff's credit.

My general conclusion, therefore, in this case, is that the order for the examination of the plaintiff in the supplementary proceedings was regular ; that the judge thereby acquired jurisdiction of the subject-matter ; that if he decided erroneously—as it is very clear that he did—in ordering the money to be paid to the judgment creditor, as money of the judgment debtor, or decided without notice to her of the hearing, upon the referee's report, of the evidence taken before him, her remedy was the one to which she resorted, and in which she was unsuccessful ; and as the order made directed the defendants to pay the amount in their hands to

the attorney of the judgment creditor, that they are protected by the order; and having paid the money, in accordance with its directions, the plaintiff cannot maintain this action to recover it from them.

Judgment for defendant.