EDWARD H. ROSS v. LEVI T. GRIFFIN, DON M. DICKINSON, GEORGE S. HOSMER AND J. LOGAN CHIPMAN.

53    5
68  495

53    5
a121  478

*Jurisdiction pending appeal from order of commitment.*

Pending an appeal from an order committing the defendant in a divorce suit for contempt in refusing to pay alimony, the trial court has sufficient jurisdiction over the parties to make a farther order of the same kind, upon defendant's subsequent refusal to pay alimony that accrued after the appeal was taken.

Error to Wayne. (Jennison, J.) Jan. 11.—March 6.

CASE. Plaintiff brings error. Affirmed.

*John G. Hawley* for appellant. An action for false imprisonment may be maintained against a judge who has acted without jurisdiction in committing the plaintiff: Cooley on Torts 416; Addison on Torts § 883; *Beaurain v. Scott* 3 Camp. 388; *Lange v. Benedict* 73 N. Y. 12.

*Otto Kirchner* for appellees. No one is liable for acts done as judge: *Yates v. Lansing* 9 Johns. 423; *Randall v. Brigham* 7 Wal. 521; nor as attorneys: *Anon.* 1 Madd. 69; *Williams v. Smith* 14 C. B. (N. S.) 623; *Campbell v. Brown* 2 Woods 350.

SHERWOOD, J. The plaintiff in this case was defendant in a suit brought against him for divorce in the Superior Court of the city of Detroit by his wife, Susanna Ross, on the 4th day of September, 1880. He was personally served with process in that suit, and appeared and answered the bill of complaint, which averred his ability to pay alimony, and that fact was not denied in his answer, which was filed on the thirteenth day of September, 1880. On the day the answer was filed the circuit court made an order requiring Ross to pay to his wife $50, for solicitor's fees, within twenty days, $20 per week temporary alimony, and $20 for expenses of suit. He paid the weekly alimony for four weeks, and then refused to pay any more. On the 6th of November following,

due proof was made of a demand upon E. H. Ross for the payment of the weekly alimony and solicitor's fees according to the order of the court, and his refusal to comply. Thereupon the defendant J Logan Chipman, being the judge of said Superior Court, upon the application of the other defendants, as solicitors for Mrs. Ross, made an order for the commitment of Mr. Ross for contempt in refusing to pay the money as demanded and required by the order of September 13th.

This order was made ex parte, and without notice to the defendant, who claimed the same to be invalid, and took his appeal to this Court therefrom, which appeal was perfected on the 17th day of November, and a return thereto was duly made. On the 24th day of December following a showing was made of demand on Ross for the payment of the weekly alimony which had been due since the appeal was taken, and a refusal on his part to pay; and on the 27th day of December, an order was made by the defendant Chipman as judge of said Superior Court, and duly served on Mr. Ross, requiring him to show cause on January 3d, 1881, why he should not be committed for contempt.

On the return-day of said order Ross appeared, made no showing of facts, but claimed that, the cause having been appealed to this Court, the judge of the Superior Court had no longer any jurisdiction or authority over him; and thereupon defendant Chipman, as such judge, and on motion of the other defendants as counsel for Mrs. Ross, made an order committing the plaintiff for contempt for refusing to obey said last-named order. In pursuance of the said order of commitment, defendants Griffin, Dickinson and Hosmer, as solicitors for Mrs. Ross, took out a writ of commitment and delivered it to the sheriff, who arrested the plaintiff thereunder and imprisoned him from the 6th to the 11th of January, 1881, when he was discharged by this Court on writ of habeas corpus.

To obtain his release the plaintiff paid $125 for legal fees and expenses and was otherwise damaged.

After his discharge plaintiff brought his suit against the

defendants for false imprisonment in the circuit court for the county of Wayne, and upon the foregoing statement of facts claimed he was entitled to recover. The circuit judge, however, was of a different opinion, and directed a verdict for the defendants.

The plaintiff claims:

1st. That the original order of September 13th, granting alimony, was void.

2d. That when the order of January 3d was made, Judge Chipman had no authority to make the same, and that it was void.

The judge of the Superior Court of Detroit had the power to make the order of the 13th of September referred to. How. Stat. § 6235. The statute does not attempt to designate the circumstances under which he may exercise that power, but expressly leaves it discretionary with the court, after the suit is commenced, to determine when and in what cases he may exercise the power.

It is true, some question has been made whether or not the granting temporary alimony is within the statute above referred to; but, so long as the necessity for advances for the support of the wife is quite as great as that for other expenses, the equity and justice of the claim certainly require a construction of the statute that will include it; and I think such was the intention of the Legislature in passing the law. There is no rule of court in this State limiting or defining the circumstances under which the judge shall exercise his discretion for or against the application for alimony or expenses; and there can be no review of his action in the premises unless there has been a gross abuse of that discretion.

The judge of the Superior Court certainly had jurisdiction of the subject matter of the order made on the 13th of September; and upon the facts disclosed upon this record I am unable to discover any abuse of discretion in making the order. They are somewhat different in this case from what was made to appear in the case of *Ross v. Ross* 47 Mich. 185.

It is now stated that "the bill averred the defendant's ability to pay alimony, etc., which was never denied on his (plaintiff's) part, and prayed permanent and temporary alimony." Under such facts it cannot well be said the court had nothing before it upon which to base the order. The defendant had already filed his answer (but of its character or contents the record does not inform us). If the facts were insufficient to support the order, that is one thing; but if there were no facts upon which to base it, that is quite another. The one raises a question of irregularity only, or erroneous judgment; the other, a question of jurisdiction. An order made in violation of the rules of court or rules of practice not statutory, is only irregular, and must be regarded as valid and be obeyed until set aside. 1 Hoff. Ch. Pr. 450; 1 Barb. Ch. Pr. 582, 588; *Osgood v. Joslin* 3 Paige 195; *Studwell v. Palmer* 5 Paige 166; Jennison's Ch. Pr. 272; *Hunt v. Wallis* 6 Paige 371. Such an order is voidable, and not void. See authorities cited above.

The bill of complaint in the divorce case asked for the order made, and averred the defendant's ability to comply with it. It is true it did not show but that she had property. I think there may be cases where she has property when it would be quite proper for the court to make the order; as where her property is unproductive or unavailable, or under the control of her husband. I think the judge of the Superior Court had jurisdiction to make the order of the 13th of September.

The subsequent proceedings for the purpose of enforcing the order, and which are made the occasion for the prosecution in this case, remain to be considered. The order for temporary alimony and expenses is interlocutory, and in no way affects the merits of the cause. There are no statutory provisions for its enforcement, except the general one contained in How. Stat. § 7257, subd. 3, and those in How. Stat. ch. 256; anything additional comes from the practice of the court. When the demand was made upon the plaintiff for payment of the moneys accrued after the appeal was taken to the Supreme Court from the order of commitment, com-

plainant in the divorce suit proceeded under section four of said chapter to compel payment, and upon affidavits showing a refusal to pay on demand made, the court made an order, which was served upon the plaintiff, to show cause why he should not be committed for contempt. On the return-day he appeared to this order, and, as the record states it, "made no showing of facts, merely claiming that the cause having been appealed to the Supreme Court the case was no longer in the Superior Court, and that court had no authority over him."

The practice in this case, though irregular, was not such as to divest the court of jurisdiction. The order of the 13th of September was never vacated or set aside, and no proceedings seem to have been taken for that purpose, and the order was in full force when the order of January 3d was made. There were proceedings taken, presuming the order of the 13th of September valid, to obtain the order of the 3d of January, which were in conformity to the statute and practice under it, and they were sufficient to require the court to pass judgment upon them, though insufficient to sustain the action taken by the court. There was something before the court to act upon, and such error in judgment will not furnish sufficient grounds for this suit against the judge of the Superior Court or the counsel for the complainant, who, so far as the record shows, acted in entire good faith in all they did. *Yates v. Lansing* 9 Johns. 423; *Miller v. Seare* 2 W. Bl. 1141; *Randall v. Brigham* 7 Wall. 523; *Lange v. Benedict* 73 N. Y. 12; *Carratt v. Morley* 1 Ad. & El. (N. S.) 18; *Williams v. Smith* 14 C. B. (N. S.) 622; *Campbell v. Brown* 2 Woods 350; Cooley on Torts 415; *Bevard v. Hoffman* 18 Md. 479.

The appeal taken from the first order of commitment did not affect the merits, and did not prevent any proceedings being taken in the cause other than those for enforcing payment of the alimony and expenses due when the proceedings appealed from were commenced.

The judgment of the circuit court must be affirmed.

CHAMPLIN, J. concurred.

COOLEY, C. J.   I agree that the Superior Court had jurisdiction over the parties, and of the subject-matter upon which he assumed to act, in making the order which is alleged to be void, and that, therefore, its action cannot be assailed in this collateral manner.

CAMPBELL, J. concurred.