### ALICE POTTS v. LEWIS POTTS.

*Divorce—Alimony—Contempt.*

1. An order allowing complainant $8 per week as temporary alimony is held a reasonable one.
2. The possession by a wife of non-productive property, or property not available in her hands to obtain the necessary means to prosecute a suit for divorce, will not prevent the allowance of temporary alimony.  *Ross v. Griffin*, 53 Mich. 8.
3. Where a husband informs his wife that he will not pay temporary alimony awarded her by the court, a formal demand on her part is unnecessary to lay the foundation for contempt proceedings.

Appeal from St. Clair.  (Stevens, J.)  Argued January 27, 1888.  Decided February 2, 1888.

Appeal from order convicting appellant of contempt for non-payment of temporary alimony.  Order affirmed.  The facts are stated in the opinion.

*Chadwick & Wood,* for complainant.

*Frank Whipple (Atkinson & Vance,* of counsel), for defendant.

MORSE, J.   May 24, 1887, the complainant filed her bill for divorce in the circuit court for the county of St. Clair, in chancery.   She alleges extreme cruelty and adultery.   The defendant filed an answer denying the charges.

The parties were married December 6, 1882, and have one child, the issue of such marriage, of the age of three years and six months at the time of the filing of the bill.

Upon petition and hearing, the circuit judge made an order requiring the defendant to pay to the complainant weekly the sum of eight dollars per week as temporary alimony, such payments to be made from the twenty-fifth day of June, 1887, and continue until the further order of the court; and that he also pay to complainant's solicitors $30 within 15 days, and the same sum within 30 days, from the same date, towards the payment of her expenses in taking proofs.   This order was made June 25, 1887.

The alimony was not paid.   On the twenty-sixth of September, the circuit judge entered an order in the cause that the defendant, on the third day of October, show cause why an attachment as for contempt should not issue against him. This order was based on the affidavit of one of complainant's solicitors that on the seventh, fifteenth, and twenty-second days of July, and on the eighteenth day of September, he personally served upon the defendant copies of the order for the payment of alimony, and that said defendant refused to pay the same to him, or any part thereof.   There was also filed the affidavit of the other solicitor for complainant that no alimony had been paid to him, and the affidavit of the complainant that she had given a power of attorney to Chadwick & Wood, her solicitors, to collect the amount allowed to her per week, and that defendant had at various times informed her that he would not pay any of said money, and defied her to take any steps to compel payment, stating that he would take the case to the Supreme Court, and that his counsel had advised him to defy the order of the

court; that defendant had not paid her any portion of said alimony.

On the twenty-sixth of September, a copy of the order to show cause, and affidavits upon which it was based, was personally served upon the defendant.

October 3, the defendant did not appear, and the hearing of the matter of contempt was continued until October 8, 1887.

On that day the defendant did not appear, and, upon the showing of service of the order to show cause, the court adjudged that the defendant was guilty of contempt, and ordered, adjudged, and decreed that he be committed to the common jail of St. Clair county, and there be confined until he paid the alimony, together with the costs of his arrest and detention, and also until he purged himself of the contempt, or until the further order of the court, and directed the usual attachment and commitment to issue against him.

From this order of conviction and commitment the defendant appeals.

It is urged upon the part of the defendant that, by negotiations and settlements upon other separations before the time of the filing of complainant's present bill, she has acquired and now holds considerable property, which has been given her by the defendant.

It appears from the records in the office of the register of deeds for St. Clair county that there is of record in that office mortgages standing in her name, and undischarged, to the amount of about $1,300; and a mortgage, undischarged, executed by her to Sarah J. McElroy for the sum of $400, being a part of the purchase price of a lot owned by complainant in the city of Port Huron. The consideration of the deed of this lot, as recited in said deed, was $1,050.

. Complainant claims that defendant is worth at least $100.000, with an income of $10,000 per year, and shows by affi-

·davits that he is worth at least $75,000.   He claims he is not worth to exceed $20,000.

Complainant further shows by her bill and petition for alimony that she is destitute of means of supporting herself and child.   The proof that these mortgages are of record in her name is not conclusive that she is the owner of them.

We think the order for alimony a reasonable one.   Even if complainant is possessed of a little property, the defendant, with his means, ought not to complain that he is assessed eight dollars per week towards the support of his infant child; and there is no such showing as to make it ·certain that the property that the complainant possesses is productive, or available in her hands to obtain the means for her necessary expenses in carrying on this suit.   *Ross v. Griffin,* 53 Mich. 8 (18 N. W. Rep. 534.)

It is objected that no proper demand was made upon the defendant.   There is, indeed, no showing that the defendant was informed that Chadwick & Wood, complainant's solicitors, had authority from her to collect or demand the alimony payable to her, but one of the solicitors also ·demanded the $60 which was due to them, and there is no ·excuse for the non-payment of this sum.   Besides, it is evident that the defendant did not intend to pay, and was advised not to do so.   He also informed complainant that he would not pay, which was sufficient in her case to render a formal demand upon her part unnecessary.

We think the defendant guilty of contempt, and the pro·ceeding adjudging him in contempt, and the order punishing him therefor, regular and proper.   The order is therefore :affirmed.   Complainant will recover costs of this Court.

The other Justices concurred.