[No. 1477, March 28, 1912.]

IN RE STEPHEN CANAVAN.

SYLLABUS (BY THE COURT).

1. A divorce decree awarding the wife a certain sum of money as her share in the community property created a presumption that the husband was possessed of sufficient money and property to pay the amount, and the husband, upon being charged with contempt of court, had the burden

In re Stephen Canavan, 17 N. M. 100.

of pleading and proving his inability to pay the amount, if he desired to defend on such ground.

2. Where an order was issued in divorce proceedings restraining the husband from removing the community estate from the jurisdiction, and the wife was awarded a certain sum of money as her share of the estate, and the husband failed to pay such sum, his act in removing the community estate from the jurisdiction in violation of the restraining order was clearly a contempt of court.

3. A contempt judgment committing the husband to prison for a definite term for violating a restraining order issued in divorce proceedings was not an attempt to enforce collection of a debt by means of imprisonment under contempt process, though it provided for the husband's benefit that he could be released upon payment of the sum awarded to his wife by the divorce decree.

4. A contempt judgment committing one for a definite term "or until further order of the court" was not void for uncertainty; the quoted words being employed merely to retain in the court the power to terminate the imprisonment before its expiration upon satisfactory cause shown.

5. An appearance and answer in contempt proceedings without objection was a waiver of service of the order to show cause.

6. Where the husband in his answer in contempt proceedings for violation of a restraining order issued in a divorce action claimed that he was unable to pay the amount awarded his wife by the divorce decree, he could not relieve himself from the charge of contempt by a claim that no demand had been made upon him for payment of the amount of the decree; no demand being necessary, since his plea showed that it would have been unavailing and the omission of a demand, even if demand were required, being merely an error or irregularity, and not jurisdictional.

7. A writ of habeas corpus is available only when the lower court has exceeded its jurisdiction ,and cannot take the place of a writ of error or an appeal, however irregular or erroneous the judgment may be.

## OPINION OF THE COURT.

PARKER, J.—This is a habeas corpus proceeding brought by the petitioner to obtain his discharge from custody under a commitment for contempt, in pursuance of the judgment of the District Court of McKinley County, the pertinent provisions whereof are as follows:

"Your petitioner further represents that his confinement or restraint is by virtue of a warrant issued upon the filing of a petition in that certain suit lately pending in the County of McKinley, State of New Mexico, entitled Kate Canavan, plaintiff, v. Stephen Canavan, defendant, as will more fully appear by copy of said petition so filed upon which said warrant was issued is attached hereto and made a part of this petition and marked "Exhibit A"; that thereafter another petition was filed in said cause alleging further grounds than alleged in the original affidavit or petition, a copy of which said second petition is also attached hereto and made a part of this petition and marked "Exhibit B."

"Your petitioner further represents that he is further advised by counsel and believes that his imprisonment is illegal in the following respects: Your petitioner states that on the 21st day of June, 1911, a decree was rendered in the case of Kate Canavan v. Stephen Canavan, which was a suit for divorce and alimony, and on final hearing the court granted the plaintiff a divorce and a money judgment for alimony against your petitioner in the sum of Twenty Thousand Dollars, as her share in the acquest community property; that said decree further provided that your petitioner and defendant in said divorce case, pay plaintiff's counsel the sum of Fifteen Hundred Dollars as counsel fee and the costs of the suit, a copy of which said decree is attached hereto and made a part of this petition and marked "Exhibit H."

"Your petitioner further represents that he is advised by counsel and believes that the filing of said petition and the issuance of said warrant and the committing of your petitioner to jail is an attempt to imprison a person for debt contrary to the Constitution of the United States and the laws of the State of New Mexico, and that therefore

In re Stephen Canavan, 17 N. M. 100.

his confinment is illegal and an attempt to imprison your petitioner for failure to pay a money judgment."

As appears, the petitioner was defendant in a divorce proceeding in which final decree was rendered against him, which final decree provided, inter alia, "that the plaintiff do have and recover of the said Stephen Canavan the sum of Twenty Thousand Dollars as her share of the acquest property of said marriage community, * * * and that execution issue, * * *" etc. This decree was signed June 14th, 1911. It further appears that on August 5th, 1910, a restraining order was served on petitioner, and on March 9th, 1911, an order to show cause why he should not be punished for contempt for having disposed of parts of his personal property in violation of said restraining order issued against him. On February 29th, 1912, Kate Canavan, plaintiff in the divorce case, filed her affidavit charging that petitioner had failed to obey the judgment in the divorce case; on information and belief that prior to the signing of the divorce decree, petitioner departed from the jurisdiction, taking with him all of his property to the extent of Fifty Thousand Dollars, and that he was avoiding service of process upon him, and was fleeing from his jurisdiction when apprehended under an attachment issued upon a previous affidavit of her attorney, and that petitioner now had no property in New Mexico out of which to satisfy said decree in the divorce case. The affidavit of Mrs. Canavan's attorney contained a further allegation on information and belief that execution on the divorce decree had been issued and returned unsatisfied. A demurrer to the petition for attachment for contempt was interposed by petitioner and overruled by the court. Thereupon petitioner filed answer to the petition, in which he admitted his default in payment of the amount decreed in the divorce case; accounted for his whereabouts since giving his testimony in the divorce case, and denied his intention to abscond to avoid the process of the court; denied service or konwledge of the existence of the order to show cause; alleged that if he had violated the restraining order, it was in mortgaging some real estate at Gallup to save the same from sale under execution; denied that

he had $50,000 of property or money, and alleged that he was indebted to divers persons whom he was unable to pay in addition to the amount decreed against him in the divorce proceedings; and denied that he ever had, or has at present money or property out of which he could pay the amount of the decree. The answer is strangely devoid of any specific denial of the charge that petitioner had removed his property from the jurisdiction in violation of the original restraining order.

Counsel for Mrs. Canavan then moved for judgment on the petition for attachment for contempt, the judgment and evidence in the divorce case and the answer to the petition for attachment. Thereupon the District Court rendered the judgment hereinbefore mentioned.

Petitioner then brings habeas corpus in this court, and asks to be discharged from custody.

Upon the coming in of the return a demurrer was interposed to the same, and a motion for discharge of petitioner based upon several grounds, which will be considered. The evidence in the divorce case is not before us.

The evidence in the divorce case not being before us, it is to be presumed that the same fully justified the decree. That decree, as we have seen, found that Mrs. Canavan was entitled to Twenty Thousand Dollars as her share of the acquest property of the marriage community. This finding presupposes that the evidence shows that petitioner was possessed of sufficient money and property to pay the amount. It is inconceivable that any court would award such a decree in the absence of proof of petitioners ability to perform. The community estate was not what it might have been in the past, but it was what the evidence showed it to be when the action was instituted and the restraining order issued and served, and the court, in the final decree, determined the wife's just share of the same and awarded execution. It may, therefore, be assumed that the evidence amply showed the husband's ability to perform the decree. The complaint in the divorce case is not before us, and we must assume that it contained the usual and necessary allegations as to the nature and extent of the community estate. The court found

all of the material allegations of the complaint to be sustained by the proofs. This finding is a finding of the husband's ability to perform. If the pleadings and facts were otherwise, it devolved upon petitioner to show it to this court.

In this connection, counsel for petitioner cite In re Jaramillo, 8 N. M. 598. That case is clearly distinguishable from this. In that case it clearly appeared that petitioners did not have the money to comply with the decree when it was rendered, and had never had the larger portion of the amount adjudged against them. The Territorial Supreme Court construed the decree: "Only as a finding by the court that the petitioner and his co-administratrix owed the amount of money found due to their other co-administratrix."

But, in the case at bar, as we have seen, it appears that petitioner had the ability to perform the decree.

As before seen, the court issued an order upon the filing of the complaint, restraining the petitioner from removing the community estate from the jurisdiction. It appears from a recital in one of the orders of the court, that the question of the violation of this restraining order was gone into in the evidence in the divorce case, but the court made no final conclusion so far as appears. The petition for attachment for contempt was based upon this alleged violation of the injunction, and the petitioner, in his answer, strangely, it seems to us, avoids any reference to it. All the evidence in the divorce case was before the court in the contempt proceedings, without objection on the part of petitioner and the court found petitioner guilty of violating the injunction. If the case were before us on appeal, there is nothing in the record from which we could say the court reached an incorrect conclusion.

We have then a case of the husband enjoined from removing the acquest property from the jurisdiction; a decree for the wife of a sum of money as her fair share of said estate; a finding by the court that the husband has not paid said sum and has removed the community estate from the jurisdiction in violation of the restraining order. This certainly makes out a clear case of contempt.

At this point petitioner presents two objections to the judgment rendered by the court.

It is first urged that the judgment is an attempt to enforce collection of a debt by means of imprisonment under process for contempt. In this counsel for petitioner is in error. The contempt of petitioner consists in the removal of the estate from the jurisdiction, so that the decree became unenforcible by execution. If the judgment had simply provided for the imprisonment, and had made no reference to payment of the amount of the decree to the wife, no one, we assume, would be found to say that the same was not a most righteous one. The reference in the judgment to the discharge of petitioner upon payment of the amount due under the divorce decree, is inserted for the benefit of the petitioner and provides a means whereby he may be discharged before the expiration of the term of the sentence, if he shall so elect. The court was not concerned as to whether petitioner paid the amount of the decree or not, it having sentenced him to a definite term of imprisonment for violation of the injunction order.

There was no attempt to enforce the collection of the debt. If the judgment had provided for inprisonment until petitioner paid the amount of the decree, the proposition urged by petitioner would perhaps be presented. This was the form of the judgment In re Jaramillo, 8 N. M. 598 referred to above. But here the commitment is for a definite period with the proviso, that the petitioner may sooner be discharged by paying the amount due.

Counsel for petitioner contends that the contempt judgment is void by reason of the last clause thereof, as follows: "Or until further order of the Court." This provision of the judgment is easily distinguishable from decrees in judgments which merely order commitment" until the further order of the court." In such cases the judgment is indefinite and uncertain, but in cases like the one at bar, where there is a definite term of sentence fixed, the language used should be considered merely as employed to retain in the court the power to terminate the imprisonment before its expiration, according to its terms, upon

In re Stephen Canavan 17 N. M. 100.

satisfactory cause shown. It has been so held. Tinsley v. Anderson, 171 U. S. 108; In re Rosenberg, 90 Wisconsin 581.

Counsel for petitioner urges that no order to show cause was served upon him prior to the attachment, and that the judgment is therefore illegal. A sufficient answer to the proposition, if the fact be true, would seem to be that the plaintiff appeared and, without objection on that ground, answered the petition filed to obtain the attachment, was represented by counsel who argued and submitted the question of petitioner's guilt or innocence of the contempt of the court. This was a waiver of the order to show cause. State v. Hansford, 28 S. E. 791.

Appearance and answer without objection cures irregularity in the commencement of the proceeding. 9 Cyc. 43.

Counsel for petitioner urges that no demand was made for the payment of the amount of the decree, and that therefore the judgment was unwarranted. It appears from the answer of petitioner that he claimed he was unable to pay the amount, and, hence, a demand would have been entirely unavailing. In such case no demand is necessary. State v. Ditmar, 53 Pac. 350. Potts v. Potts, 68 Mich. 492.

The petitioner was deprived of no right by the failure to make demand, and, if demand was required, the omission was no more than an error or irregularity, and was not jurisdictional.

Much that has been said might more properly be said if the judgment of the District Court were before us for review on appeal or error, if, indeed, it is so reviewable. We do not decide the question. But we have found the discussion necessary in order to state fully the facts. It is to be remembered, however, that the writ of habeas corpus is not designed to take the place of a writ of error, or an appeal. It is only when the lower court has exceeded its jurisdiction that the writ is available. No matter how irregular, or even erroneous, the judgment may be, it cannot be reviewed on habeas corpus.

In re Peralta Reavis, 8 N. M. 30.

In re Swan, 150 U. S. 637.

State v. Pratt, 11 A. & E. Ann. Cases, 1048, and note where numerous cases are collected.

The question of the power or jurisdiction of the district court is sought to be raised by alleging that it attempted to collect a debt by contempt proceedings. But as we have pointed out, the question is not involved.

For the reasons stated the petitioner will be remanded to the custody of Thos. McMillen, deputy sheriff of Bernalillo County, to be dealt with according to law, the writ of habeas corpus will be discharged, and it is so ordered.

Hanna, Justice, being disqualified, did not participate in this proceeding.