## ALEXANDER and others v. McNEAR.

*(Circuit Court, D. California. August 16, 1886.)*

1. ARBITRATION — ENFORCING AWARDS — DEGREE OF CERTAINTY REQUIRED — JUDGMENT.

Judgment cannot be rendered on an award which does not fix with certainty the amount to be paid, or give precise *data* from which the amount can be ascertained.

2. SAME—ARBITRATORS—UNCERTAINTY IN AWARD—EVIDENCE.

Arbitrators cannot be called upon for the purpose of explaining anything vague and uncertain in their award.

*W. S. Goodfellow,* for plaintiffs.
*Eugene N. Deuprey,* for defendant.
Before SAWYER, circuit judge.

SAWYER, J. This is an action on an award, made by arbitrators in Liverpool, to recover the amount of the award, because the sound portion of a cargo of wheat, purchased afloat by plaintiffs from defendant, did not come up to the standard as to quality called for by the contract, and because another portion was "country damaged," that is to say, damaged by being wet, or from some other cause before shipment. The contract contained this provision:

"Should any dispute arise, it is agreed by buyers and seller to leave the same to be settled by arbitration, if in London, *according to the seventh rule,* but if in Liverpool, *according to the eighth rule,* indorsed on this contract; and this stipulation to be made a rule of any of the divisions of the high court of justice on the application of either contracting party; the arbitration to be held in Liverpool."

For the purpose of this decision, I have admitted and considered, so far as applicable to the cause of action set out in the complaint, all the evidence offered by plaintiffs. From the various correspondence of these parties and their agents, and evidence generally, I think it may be fairly found that a dispute arose as to quality and grade of the sound portion of the cargo; whether and to what extent the remaining and unsound portion of the cargo was damaged before shipment, and what amount, if any,—this being the ultimate fact in dispute,—the seller should repay to the buyers by reason of the alleged defects in the cargo; and that these points in dispute were submitted to the arbitrators regularly chosen, as alleged in the complaint.

It appears from the evidence that the arbitration was held at Liverpool; that the parties, by their agents, were present and heard; and that an award was made in the words and figures as follows:

## EXHIBIT E.

"RICHARD CORNELIUS & CO.
TELEGRAPHIC ADDRESS,
"CREALS,"
LIVERPOOL.

19 BRUNSWICK STREET,
LIVERPOOL, 25 April, 1883.

Contract dated 7 July, 1882, for the cargo of California wheat consisting of *about* 5,000 units, (of 500 lbs. each,) quality *about* equal to No. 1 standard crop, 1880–1881. Shipped p. "Irene" from San Francisco to U. K.

Seller—G. W. N. McNear, Esq., San Francisco.
Buyer—Messrs. Alexander & Co., London.
Brokers—Messrs. Alexander Bro., San Francisco.

---

A dispute having arisen under the contract above referred to, and having been left to our decision, we award the buyer the following allowance for inferiority of quality, payable within seven days:

| | | | | |
|---|---|---|---|---|
| On the *sound portion of the cargo* 2 p. p. | | | 500 lbs. | All per quarter of five hundred lbs. |
| On *abt.* 88 tons country damaged wheat | | | 15/ " | |
| On *abt.* 27 tons 14 cwt. | do. | do. | 12/6 " | |
| On *abt.* 42 tons | do. | do. | 10/ " | |
| On *abt.* 81 tons | do. | do. | 5 " | |
| Arbitrator's fees, - - - | | | £18. 18. 0 | RICHARD CORNELIUS. |
| Fee for inspection of standard sample, | | | 10. 0 | A. K. CAROE. |
| To be paid by seller. | | | ———— | EDWARD PAUL." |
| | | | £19. 8. 0 | |

It is insisted on the part of defendant, that this award is void for uncertainty, and that no judgment can be rendered upon it for that reason; and in this I think defendant correct. The uncertainty consists in not fixing the amount to be paid with precision, or giving precise certain *data* in the award from which the exact amount can be ascertained by arithmetical calculation. That is certain which can be rendered certain from the elements furnished; but the elements in this award are not all certain. Some of those essential to enable the court to determine the amount of the award are indefinite and uncertain. It is impossible to ascertain from the award the exact amount that should be paid. According to the award the cargo consisted, not of "5,000 units of 500 ℔. each," but "*about* 5,000 units." On "the sound portion of the cargo," without saying how much it is, the arbitrators award 2 p. p. 500 ℔.;" on "*about* 88 tons country damaged wheat 15/ per 500 ℔.;" on "*about* 27 tons 14 cwt. 12/6 per 500 ℔.;" on *about* 42 tons 10 p. per 500 ℔.; and on *about* 81 tons 5/ per 500 ℔. *About* 5,000 units or quarter is not the same as 5,000 units or quarters; and "about 88 tons" is not, necessarily, 88 tons. It may be more or less than 88 tons, and we do not know whether more or less, or how much more or less. Add the several numbers representing the damaged wheat together, and we only get "*about*" 238 tons, which subtracted from "about 5,000 units or quarters" we do not get the amount of the sound portion of the cargo, but only the *proximate* amount of the aggregate of several "abouts."

I apprehend that a Liverpool corn merchant, buying a cargo of wheat afloat, would pay considerably more for one to be of a specified certain grade in quality of No. 1 standard than for a cargo "about" No. 1. The use of the word "about," ordinarily, in these transactions, is for the express purpose of giving some margin for excess or deficiency. In this instance of making an award, it may have been an oversight in the arbitrators not to fix the specific amount; but, if so, we cannot presume the proper amount, but must take the award as we find it, and the language used renders the award no less uncertain. An award is in the nature of a judgment, and must fix the precise amount, so that the judgment may follow the award. Who ever saw a judgment for "about five thousand dollars?" How could such a judgment be executed? Who would, or could, determine how much money must be collected on an execution, and when enough is collected to satisfy the judgment? It is impossible to ascertain from this award, upon which the action is brought, the precise sum for which judgment should be rendered. The exact amount of the sound part of the cargo is not known; neither is the exact amount of the several parts damaged in different degrees, and upon which different amounts of damages are awarded, known. We do not find in the award the elements for an accurate calculation or estimate of the precise amount for which judgment ought to be rendered.

"It is a rule that awards shall be so plainly expressed as that *there may remain no uncertainty* as to the manner in which they are executed. Each party should not only know what he is to do, but should also be able to compel the other to perform what he is ordered to do. This cannot be done unless the arbitrators make use of language which is intelligible as well to the parties themselves as to those who may be called upon to enforce their decision. Although courts have departed from the strictness with which awards were formerly examined, and which was a reflection on the administration of justice, yet they have not carried their indulgence so far as to *dispense with their being certain*, at least, to a common intent." *Schuyler* v. *Van Der Veer*, 2 Caines, 238.

"An award is in the nature of a judgment, and *must be certain* and intelligible. It should be in pursuance of the submission, and *ought to be wholly decisive;* for if it doth not determine the matter, it becomes the cause of a new controversy. 1 Bac. Abr. 142, 'Arbitrament and Award, E, 2.' * * *" It is said by Bacon that an award "is a judgment, *and can only be expounded by itself,* without the aid of an averment of matters *dehors* to explain the meaning of the arbitrators; it is necessary that their meaning appear on the face of the award." 1 Bac. Abr. 139, "Arbitrament and Award, E, 1." *Aldrich* v. *Jessiman*, 8 N. H. 519, 520; *Jackson* v. *De Long*, 9 Johns. 44; *Gratz* v. *Gratz*, 4 Rawle, 432, 439; *Waite* v. *Barry*, 12 Wend. 380; *Porter* v. *Scott*, 7 Cal. 314; *Hawkins* v. *Colclough*, 1 Burr. 277; *Brown* v. *Hankeron*, 3 Cow. 72; *Woodward* v. *Atwater*, 3 Iowa, 61;

*Strong* v. *Strong*, 9 Cush. 560; *Hayes* v. *Bennett*, 2 N. H. 422; *Jacob* v. *Ketcham*, 37 Cal. 197.

"When arbitrators have once made an award, their office is at an end. They cannot afterwards correct mistakes by a new award, or explain it by affidavit. *Any construction given to it must rest on what is apparently in the original award.*" *Aldrich* v. *Jessiman*, 8 N. H. 516; *Patton* v. *Baird*, 7 Ired. Eq. 255; *Clark* v. *Burt*, 4 Cush. 396; *Phillips* v. *Evans*, 12 Mees. & W. 309.

Arbitrators cannot be called upon for the purpose of explaining anything vague and uncertain in their award. *Kingston* v. *Kincaid*, 1 Wash. C. C. 450; *Ward* v. *Gould*, 5 Pick. 291. But if we go to the testimony of the arbitrators, introduced under the objection of the defendant, to ascertain what they meant by "about" so much of the different kinds and qualities, as I have done, we are no better off. The uncertainty is as apparent there as in the award. We only find that there was no disagreement as to the quantities in fact damaged in some way, and at some time, but we still find the several quantities of every kind to be indefinite,—not so much sound or damaged, but *"about"* so much, as in the award. If there was no dispute as to the amounts found in certain conditions to be submitted to and determined by the arbitrators on testimony, it was still necessary to state with precision and certainty what the amounts of the several quantities sound or damaged in different degrees were, as conceded or agreed upon, as an element for calculating the amount of money in the aggregate to be repaid by defendant, or else the amount should have been footed up and stated with precision and certainty by the arbitrators themselves, instead of leaving it to be ascertained by the court from uncertain *data.* There should have been accuracy and certainty in some form. They have neither given in their award, nor in their testimony, if we go back to that, the amount of money they awarded to be paid, or that ought to be paid, nor *data* from which the court can ascertain by calculation, with precision and certainty, the amount which should be paid. There are no means, either in the award or testimony, by which the exact amount awarded, and for which judgment should be rendered, can be ascertained. It would be necessary to render judgment for *"about"* so much money.

The very object of the arbitration—the only ultimate object and the ultimate fact to be determined—was to ascertain how much money the defendant ought to pay to complainants in consequence of the inferior quality and damaged condition of the cargo. The ascertainment of the amount of the damage to the sound part of the cargo, and the amounts of the damage to the various parts damaged in different degrees, and the amounts of the several parts, were only important for the purpose of determining the ultimate and important fact, how much the defendants ought to pay. But the determination of that fact is just what the arbitrators themselves have not done, nor have they furnished the *data*, in their award, from which the

**407**

court, or anybody else, can determine it with certainty and precision. If this was not the fact to be determined by them, then the subject of dispute has not been determined, and the award does not finally settle it. The several amounts are still open to contest, if the parties chose to dispute it.

This is an action *on the award* for the *amount found due.* It is not an action to recover damages for a defect in quality of a certain amount of sound grain, and for damages for certain other amounts of grain, damaged in different degrees, the amounts of the various kinds of grain to be ascertained by the court; but it is an action to recover a specific and certain amount of money, which the complaint alleges that the arbitrators awarded to be paid; the amount alleged being the specific and certain sum of £965 5s. 10d. But the award in evidence shows nothing of the kind, and no *data* from which the amount can be, with certainty and precision, ascertained. The two actions are very different. The plaintiff alleges one cause of action, and seeks to recover on another; seeks to go outside the award to determine the amount to be recovered. Were it proper to help out the award by averment, there is no averment to meet the difficulty, and no evidence to sustain one, had it been made.

In my judgment the award is insufficient for want of certainty as to the amount to be paid to serve as the foundation for a judgment. I do not think that any of the authorities cited by plaintiff extend the rule beyond the boundaries indicated in the authorities cited in this opinion; or afford support to the position taken by plaintiff's counsel.

There must be findings and a judgment for defendant, with costs; and it is so ordered.