J. W. HOIT v. BERGER–CRITTENDEN COMPANY.[1]

November 14, 1900.

Nos. 12,323—(40).

### Arbitration—Award Must Be Certain.

An award of arbitrators must be final and certain, and so determine the matters submitted that an action between the same parties in regard to it will not afterwards lie, or the award is void. Every reasonable intendment, however, will be made in favor of its finality and validity.

### Award Pleaded not Final.

The award set out in the complaint herein considered, and *held* to be neither final nor certain.

Appeal by defendant from an order of the district court for Hennepin county, Elliott, J., overruling a demurrer to the complaint. Affirmed.

*Wilson & Van Derlip*, for appellant.

*Jenkins & Jenkins*, for respondent.

START, C. J.

The defendant demurred to the complaint in this action, and appealed from an order overruling the demurrer.

The second subdivision of the complaint, standing alone, states a cause of action. But the defendant claims that the allegations of the third subdivision of the complaint show that the cause of action alleged in the second subdivision has been conclusively adjudicated adversely to the plaintiff by arbitration. The allegations of the two subdivisions of the complaint must be read and construed together, and if, when so read, it appears that the alleged cause of action has been so arbitrated, the complaint does not state a cause of action; if otherwise, it does.

The allegations of the second subdivision of the complaint were to the effect that the parties entered into a contract whereby it was agreed that the plaintiff should purchase and ship to defendant, in its name, such wheat and grain as he might determine upon, the

[1] Reported in 84 N. W. 48.

defendant paying the purchase price; that when the grain was sold the profits should be divided equally between the parties; that what was designated as a "joint cash wheat account" was opened in the books of the defendant, and a record made therein of the transactions of such joint enterprise; that such business was carried on by the parties for two years, when the contract was terminated, at which time the profits, as shown by the account, amounted to $1,956, which was in the hands of the defendant, one-half of which—$978— belonged to the plaintiff; that the defendant refused to pay it, although it was duly demanded.

The allegations of the third subdivision are these:

"That the Chamber of Commerce of Minneapolis, Minnesota, is a corporation of the state of Minnesota, and under the rules of said corporation it has elected and appointed from its members a board of arbitration and a board of appeals for the purpose of investigating and deciding disputes and difficulties of a financial or commercial character which might be submitted to such board of arbitration by its members; and that plaintiff is a member of said corporation, and did heretofore make and file his complaint with such arbitrators asking for an adjustment and settlement of the dispute between said plaintiff and defendant growing out of the business under the agreement hereinbefore referred to in the second paragraph of this complaint and if the 'joint cash wheat account' therein referred to; and thereupon defendant made answer, and same was heard by the said board of arbitration, and said board thereupon made and returned its award in words and figures as follows, to wit:

Directors' Room, Chamber of Commerce,
Minneapolis, August 2, 1899.

In the matter of the difference between J. W. Hoit, as complainant, and Berger-Crittenden Company, as respondents.

Findings. The above-entitled action came up for hearing before the board of arbitration of the Chamber of Commerce of Minneapolis, have heard the evidence submitted in the above-named case, and find, in the absence of any specific agreement to the contrary, the contract between the parties in this case carries an agreement to share losses as well as profits, and that the plaintiff should pay one-half all losses sustained in the matters in question, when ascertained. That all the property conveyed by Olds to Berger-Crittenden Company should be held in trust by them for joint benefit of plaintiff and defendant. Costs assessed to the plaintiff. Costs:

Arbitrators, $10.00; secretary, $3.00; stenographer's fees to be later ascertained.                    Chas. M. Harrington,
                                                        President.

                              G. D. Rogers,
                                                        Secretary.

                              G. F. Ewe,
                              W. F. Hooker,
                              H. S. Conover,
                                                   Arbitrators."

And thereupon plaintiff appealed said matter to the board of appeals of said corporation, and said board of appeals rendered what they termed their award in said matter by saying, "We affirm the award of the board of arbitration."

Do the facts so alleged in the third subdivision of the complaint constitute a defense to the cause of action alleged in the second subdivision? Or, in other words, if the pleader had stopped with the allegations of the second subdivision, and added a demand for judgment, and the defendant had interposed, without the allegation of any extraneous facts, the omitted third subdivision as an answer or plea of arbitrament and award, would it constitute a defense? There can be but one answer to this question, and that in the negative, for the award, on its face, is neither certain nor final. Therefore it is void. An award of arbitrators must be final and certain, and so determine the matter submitted that an action between the same parties will not afterwards lie in regard to it, or the award is void. Every reasonable intendment, however, will be made in favor of its finality and validity. 2 Am. & Eng. Enc. 749, 755; Morse, Arb. 384; Alexander v. McNear, 12 Saw. 82, 28 Fed. 403. Now, the matter submitted to the arbitrators was the plaintiff's claim that he was entitled to receive from the defendant the sum of $978 as his share of the profits arising from the contract set out in the second subdivision of the complaint. It does not appear by any reasonable construction of the language of the award that this claim was so determined that no action would lie to enforce it; that is, so that the award on its face would constitute a good plea in bar to such an action. But this is not all. The award finds "that the contract between the parties in this case carries an agreement to share losses as well as profits, and that the plaintiff should pay one-half of all

losses sustained in the matters in question, when ascertained." It thus appears affirmatively upon the face of this award that it is neither certain nor final, and, further, that it was not intended so to be. It is apparent that it was the intention of the arbitrators to determine a basis for a settlement of the matter, not to settle and adjust in detail the controversy themselves. They simply determined that, if there were losses, the plaintiff ought to pay one-half of them when ascertained, and that certain property should be held by the defendant for the benefit of both parties. This simply indicates the basis for an adjustment of the controversy, leaving the parties to ascertain the losses, if any, and settle their controversy on the basis determined by the arbitrators.

It is claimed by counsel for the defendant that the award determines that the plaintiff must pay the costs; hence it definitely and certainly determines that he had no claim against the defendant. If the arbitrators had simply recited that they had heard the parties as to the matters submitted to them, and that they found that the costs should be assessed to the plaintiff, stating the amount, it may be conceded, without so deciding, that it would be valid. But such is not the award in this case. All of its provisions are to be considered together in determining its validity, and it is perfectly obvious, when the award is read as a whole, that it is void for the reason that it is neither certain nor final.

Order affirmed.