# Mason *v.* Bullock.

*Assumpsit.*

(Decided November 12, 1912. 50 South. 432.)

1. *Arbitration and Award; Submission; Revocation.*—Where the submission is not made a rule of court or otherwise regulated by statute, either party may revoke a submission to arbitration at any time before award is made and published.

2. *Same; Action for Breach of Agreement to Submit.*—Where either party may revoke a submission before final award, the remedy of the other party at the revocation is an action for damages for breach of the agreement to submit.

3. *Same; Sufficiency of Award; Finality.*—There can be but one award, which must be entire and complete within itself, and must express the final determination of the arbitrator on all matters submitted without a reservation of future authority.

[Mason v. Bullock.]

4. *Same; Award; Finality.*—Where a submission is verbal the award need not be in writing, and a verbal award, if complete and final, is binding, being of equal dignity with the submission.

5. *Same; Finality.*—Where the parties verbally agreed to an arbitration and one of the arbitrators verbally informed the plaintiff of the finding, but stated that they would like to have some further evidence from him, and would set another day therefor, at which time additional witnesses were examined, and the same award made, the award was held in abeyance and future authority was retained by the arbitrator after notifying one of the parties of their findings, and hence, the findings at the first hearings wanted finality and was not valid.

6. *Same; Revocation; Requisites.*—Revocation is principally a question of intention of the parties to be gathered from their statements and acts. An express revocation, or a revocation in fact, as distinguished from a revocation in law where the submission is by parol, may be made by a verbal declaration of one of the parties that he will not abide by the agreement of submission; and the revocation of a common law submission by parol need not conform to any particular formality.

7. *Same; What Constitutes.*—A party's declaration at the time of withdrawing from a verbal submission to arbitrators, declaring that he did not intend to have anything more to do with the matter, his subsequent disregard of the award and his subsequently bringing suit to enforce his rights in a court of law would amount to a revocation and dissolution of the court of arbitration.

APPEAL from Andalusia City Court.

Heard before Hon. A. L. RANKIN.

Assumpsit by J. A. Mason against J. B. Bullock. Judgment for defendant and plaintiff appeals. Reversed and remanded.

ABNER R. POWELL and W. S. THORINGTON, for appellant. The mere subsisting agreement to submit to a common law arbitration is no bar to a suit brought on the same subject matter, and before final award.— *Wright v. City Council,* 79 Ala. 481; *Ex parte Garlington,* 25 Ala. 170. The alleged first award rendered had no operative effect.—*McCrary v. Harrison,* 36 Ala. 577. A submission to award is revocable by either party to a common law arbitration at any time before final award.—*Wolf v. Shelton,* 51 Ala. 425; 43 Am. Dec. 768; 111 N. Y. 310. If the submission is verbal the

[Mason v. Bullock.]

revocation may be verbal.—*Knauss v. Jenkins,* 29 Am. Rep. 237. On these authorities and under the facts in this case it is insisted that there was a revocation before final award, and that the court erred in its rulings on the pleadings, and in the charges given.

REID & PRESTWOOD, for appellee. The fact that some of plaintiff's witnesses were not present did not avoid the submission, as by going into the arbitration, plaintiff waived all objections.—*Gardiner v. Newman,* 135 Ala. 526. Furthermore, the proceedings cannot be inquired into except for fraud or improper conduct.—*Georgia H. I. Co. v. Kline,* 114 Ala. 368; *Gardner v. Newman, supra; Wright v. Bolton,* 8 Ala. 548. It was too late to revoke the submission.—*Caldwell v. Caldwell,* 121 Ala. 598; *Wright v. Evans,* 53 Ala. 107; *Bank v. Martin,* 4 Ala. 615. Where there is a common law submission an oral award is good.—*Bird v. Oden,* 9 Ala. 755; 3 Cyc. 665. The performance of the award need not be pleaded.—*McAlpine v. May,* 1 Stew. 520.

PELHAM, J.—The transcript in this case presents something over 17 pages of pleadings, and the court's rulings thereon, upon which many assignments of error are predicated, but a careful consideration of the entire record shows that the appellant, as plaintiff in the court below, was not injured by any of the court's rulings on the pleadings or prevented from putting his entire case before the court and jury. Nor was the plaintiff injured in being required to take issue on any plea setting up illegal or immaterial matter of defense. We will not then pause to consider that part of the case.

The real questions presented go to the vitals of the case, and we will confine our discussion to those questions. They relate to the action of the court in giving

the general charge for the defendant on the issues tendered by the defendant's pleas setting up a submission to and an arbitration and award on the subject-matter of the suit before suit thereon was brought.

The plaintiff brought his suit in assumpsit on the common counts, and bases his right to recover on a series of transactions with the defendant originally growing out of the purchase by the plaintinff from the defendant of a yoke of oxen, by the terms of which contract of sale the plaintiff agreed to cut and haul logs for the defendant at a certain price. Part of the earnings as they respectively became due were to be retained by the defendant and applied as a credit on the purchase price of the oxen. The transactions involve a return of the oxen and divers and sundry differences in connection with the proper amount to be credited for the logs cut, charges for merchandise sold by plaintiff to defendant and his hands at plaintiff's commissary, and, charges for board furnished to the hands of the defendant by the plaintiff. Together with other defenses interposed, the defendant set up in bar of plaintiff's action several pleas averring that the plaintiff and defendant had submitted to arbitration all the matters in controversy between them for which suit had been brought by the plaintiff, and alleging that an award had been made before suit was brought. It is manifest from an examination of the evidence set out in the bill of exceptions that the court gave the general charge requested by the defendant, on the theory that the evidence without conflict established the allegations of these pleas.

It is the plaintiff's contention on this proposition that he withdrew from the arbitration agreed upon and revoked the authority of the arbitrators before an award was made. This is controverted by the defendant, who

[Mason v. Bullock.]

claims that an award was made before any action was taken by the plaintiff looking to a revocation and that what the plaintiff did do in that direction was not, as a matter of law, tantamount to a withdrawal and revocation. The defendant also makes the point that, after the parties had agreed to submit to arbitration and had actually submitted the matters in controversy to the arbitrators, they could not then withdraw and revoke the authority of the arbitrators.

The authorities are in some conflict on the right of a party to withdraw and revoke after submission to arbitration, but the rule, supported by what seems to be by far the greater weight of the better considered authorities, is that either party may revoke a submission to arbitration at any time before an award is made and published, where the submission is not made a rule of the court, or otherwise regulated by statute; that is, when, as here, the arbitration is a common-law arbitration, then either party may revoke before final award, and the remedy of the other party is an action on a breach of the agreement to submit, to recover damages, if any, caused by the revocation of the other party.— *O. & W. Mortgage Saving Bank v. American Mortgage Co.* (C. C.) 35 Fed. 22; *Allen v. Watson,* 16 Johns. (N. Y.) 205; *Jones v. Harris,* 59 Miss. 214; *Sidlinger v. Kerkow,* 82 Cal. 42, 22 Pac. 932; *Leonard v. House,* 15 Ga. 473; *Davis v. Maxwell,* 27 Ga. 368; *Paulsen v. Manske,* 24 Ill. App. 95; s. c., 126 Ill. 72, 18 N. E. 275, 9 Am. St. Rep. 532; *Peters v. Craig,* 6 Dana (36 Ky.) 307; *Brown v. Leavitt,* 26 Me. 251; *Donnell v. Lee,* 58 Mo. App. 288; *Wright v. Cobleigh,* 21 N. H. (1 Foster) 339; *Norflect v. Southall,* 7 N. C. (3 Murphy) 189; *Wood v. Finn,* 1 Clark (3 Pa. Law J. 31) 396; *Erie v. Tracy,* 2 Grant, Cas. (Pa.) 20; *Johnson v. Andress,* 5 Phila. (Pa.) 8; *Huston v. Clark,* 12 Phila. (Pa.) 383;

Id., 9 Wkly. Notes Cas. (Pa.) 316; *Rogers v. Nall*, 6 Humph. (26 Tenn.) 29; *Aspinwall v. Tousey*, 2 Tyler (Vt.) 328; *Marsh v. Packer*, 20 Vt. 198; *Rison v. Moon*, 91 Va. 384, 22 S. E. 165; *People v. Nash*, 13 N. Y. Civ. Proc. 'R. 301; *Long v. Long*, 9 Va. (5 Call) 431; *Sartwell v. Sowles*, 72 Vt. 270, 48 Atl. 11, 82 Am. St. Rep. 943. This is the rule that has been adopted, or at least stated as the proper rule, in this state.—*Wolff v. Shelton's Ex'rs*, 51 Ala. 425. See, also, Morse on Arbitration & Awards, 229, 230; 3 Cyc. 610, and list of authorities cited in note 22 on that and the succeeding page.

It is not disputed but that all of the matters in controversy involved in the suit were submitted by an oral agreement of the parties to arbitration and were considered by the arbitrators and a written award rendered by the arbitrators subsequent to the bringing of this suit by the plaintiff. It is contended by the defendant that prior to the written award, and before suit brought, a verbal award was rendered, and that plaintiff's suit is barred because of this award. The plaintiff's position is that the verbal award was not, in fact, or in law, an award, and that he withdrew from the arbitration and revoked the authority of the arbitrators before the final award was made.

The plaintiff testified on the trial that, on the same day the arbitrators first met and heard the evidence, one of the arbitrators came to him later in the day and told him that they had decided that the defendant owed him 25 cents, "but that they would like to have some further testimony from me (plaintiff), and they would set another day for me to bring another witness before them." Afterwards another day was set by the arbitrators for hearing the evidence, and two witnesses were examined by them. Only two of the three arbitrators were present at this hearing; the arbitrator select-

ed by the plaintiff being absent. After the plaintiff had interposed an objection to proceeding without the other arbitrator, and after considerable discussion, it was finally agreed that the evidence of the witnesses be taken down in writing by one of the arbitrators and that afterwards the three arbitrators should get together and pass on the evidence. During the progress of the proceedings in reducing the testimony of the witnesses to writing a controversy arose between plaintiff and the arbitrator writing the testimony of the witnesses about the testimony being incorrectly written by him, and the plaintiff stated to the arbitrators that "he saw he was not going to get justice and that he did not intend to have anything more to do with the matter," and thereupon withdrew from the hearing and took no further part in the proceedings and brought this suit in a day or two thereafter. Some time (several weeks) subsequent to the time plaintiff brought his suit he was notified in writing by the arbitrators that they had rendered an award to the effect that the defendant was due him 25 cents. The sum in controversy between the parties which was submitted to arbitration amounted to about $200 from the plaintiff's viewpoint.

The evidence of the plaintiff, construed in connection with all of the testimony, afforded ample grounds for the jury to ascertain that, at the time the plaintiff signified his intention to have nothing more to do with the proceedings, no valid award had been made by the arbitrators. There can be but one award under a submission, and that must be entire and complete within itself and final in its nature; that is, it must express the final determination of the arbitrators on all the matters submitted without reserving future authority to the arbitrators. This requisite of finality is essential to a valid award.

The submission was verbal and it was not essential
to the validity of the award that it be in writing; a
verbal delivery of the award, if not lacking in the essen-
tials of completeness and finality, being of equal dig-
nity with the submission, would be binding and of full
force and effect as an award.

· But the verbal delivery of the award, in the light of
the tendencies of some of the evidence in this case, was
not such as to make it a final award. The plaintiff testi-
fied that the arbitrator who informed him verbally of
the finding also and at the same time stated to him that
"they would like to have some further testimony from
me (plaintiff) and they would set another day for me
to bring another witness before them." The evidence
is without conflict that a subsequent day was set, and
other additional witnesses were examined by the arbi-
trators and another award made. One of the arbitra-
tors testified that at the request of the plaintiff they
held the award open at this time to hear additional tes-
timony. It would make no difference, so far as the
finality of the award is concerned, at whose request it
was "held open," if in fact it was held in abeyance and
future authority reserved by the arbitrators. An award
is bad for want of finality if it leaves any act of a
judicial nature to be done in the future. · The retention
of future judicial authority by the arbitrators at the
time of verbally notifying the plaintiff of the finding
of the arbitrators on the day of the first hearing would
destroy the requisite finality of the decision, and the
award would be invalid as such for this reason. The
following authorities directly or by close analogy sup-
port this proposition.—*McCrary v. Harrison,* 36 Ala.
577; *Huston v. Clark,* 12 Phila. (Pa.) 383; Id., 9 Wkly.
Notes Cas. (Pa.) 316; *Rhodes v. Hardy,* 53 Miss. 587;
*Gregory v. Pike,* 94 Me. 27, 46 Atl. 793; *Lell v. Hard-*

*esty,* 13 Ky. Law Rep. 831; *Hiscock v. Harris,* 74 N. Y. 108; *Hoit v. Berger-Crittenden Co.,* 81 Minn. 356, 84 N. W. 48; *Hooker v. Williamson,* 60 Tex. 524; *Bean v. Bean,* 25 W. Va. 604.

The only other proposition is whether or not the withdrawal of the plaintiff from the proceedings would operate as a revocation. This question is one principally, and properly, of the intention of the parties, to be gathered from the statements and actions surrounding the transaction and connected with it. An express "revocation," or a revocation in law, may be made, where the submission is by parol, by one of the parties to the submission declaring verbally that he will no longer abide by the agreement of submission.—Morse on Arbitration and Award, 229, 232. It has never been held that the revocation of a common-law submission by parol shall conform to any particular formality provided a clear intention or notice to the arbitrators to revoke can be gathered from the declarations and actions of the party seeking to revoke, and if this clearly appears, even though the party does not declare in terms that he revokes the submission, full operation will be given to the revocation.—*Frets v. Frets,* 1 Cow. (N. Y.) 335; Caldwell's Law of Arbitration, p. 80.

It has been held that the institution of a suit to enforce the rights of the party on the matters submitted, if brought before award is made, is a revocation by the party bringing the suit of the agreement to arbitrate.— *Paulsen v. Manske,* 24 Ill. App. 95; Id., 126 Ill. 72, 18 N. E. 275; 9 Am. St. Rep. 532. In the case of *Peters v. Craig,* 9 Dana (Ky.) 307, it was said that a revocation is to be implied from the fact that before award is made the party had instituted suit on the cause of action embraced in the submission.

The question of revocation was one for the jury in this case. The plaintiff's declaration at the time he withdrew from the arbitration, his future actions, and the fact that within a day or two he brought suit to enforce his right in a court of law, might fairly and reasonably have been considered by the jury in weighing the evidence as clearly showing a withdrawal from the agreement to arbitrate upon the part of the plaintiff that would amount to a revocation and dissolution of the court of arbitration.—*Wolff v. Shelton,* 51 Ala. 425.

The appellant contends that one or more of the defendant's pleas setting up the arbitration in bar of plaintiff's right to recover do not sufficiently allege an award made or published before suit was instituted. These pleas (Nos. 10 as amended, 12, and 13) contain superfluous matter, it is true; but the court sustained demurrers to the pleas directly averring a pending agreement to arbitrate, and evidently construed these pleas as averring an arbitration and award prior to the commencement of the suit. And even should a different construction, the one contended for by appellant, be placed upon the pleas because of the redundant allegations, the result would be the same, as the case must be reversed because of the error of the court in giving the general charge for the defendant, while a reversal would necessarily also follow because of error in overruling demurrers to these pleas if the construction is given to them insisted upon by appellant. . And as we have discussed the case fully on the merits and the substantial questions involved, the court below will have no difficulty, we think, in applying the rulings we have made to such pleadings as may be before it on another trial of the case.

Reversed and remanded.