**STATE FARM MUTUAL AUTOMO-BILE INSURANCE COMPA-NY, Respondent,**

v.

**Naima M. AHMED, Appellant.**

**No. A04–310.**

Court of Appeals of Minnesota.

Dec. 7, 2004.

---

Kay Nord Hunt, Lommen, Nelson, Cole & Stageberg, P.A., Minneapolis, MN; and Patrick M. Conlin, Brett W. Olander & Associates, St. Paul, MN, for respondent.

Rhett A. McSweeney, McSweeney & Fay, P.L.L.P., Minneapolis, MN, for appellant.

Considered and decided by HUDSON, Presiding Judge; KALITOWSKI, Judge; and KLAPHAKE, Judge.

## OPINION

HUDSON, Judge.

Appellant challenges the district court's decision (1) quashing an arbitrator's order concerning appellant's attendance at a future independent medical examination; and (2) dismissing appellant's Minnesota no-fault claim for unreimbursed medical expenses. Because we conclude that the arbitrator's order did not constitute an "award" subject to vacation by the district court under Minn.Stat. § 572.19, subd. 1(3) (2002), the district court lacked jurisdiction to consider the matter and we vacate the judgment accordingly.

## FACTS

Appellant Naima M. Ahmed was injured in an automobile accident on May 24, 2002. Following the accident, appellant received medical and chiropractic treatment for her injuries. Respondent State Farm Insurance Company scheduled two independent medical examinations (IMEs) to determine whether appellant's injuries were related to the car accident. Appellant failed to attend both IMEs, and respondent suspended appellant's no-fault benefits. Appellant then petitioned for arbitration, seeking reimbursement under her no-fault insurance policy for the medical care she received.

The arbitrator set a hearing date, and respondent scheduled an IME for appellant, pursuant to Minn.Stat. § 65B.56, subd. 1 (2002). Appellant failed to attend the IME and respondent requested that appellant's claim be dismissed for failure to attend an IME. In response, appellant's attorney notified the arbitrator that appel-

lant was unable to attend the IME because she was in London for a family emergency, and that she would return in two weeks and attend an IME. The arbitrator continued the hearing to August 5, 2003, and ordered appellant to attend the next scheduled IME.

Respondent scheduled a second IME, in conjunction with the arbitration proceedings. Approximately one week before the second IME appointment, appellant's attorney notified respondent that appellant would be unable to attend because she had not yet returned to the United States. Respondent rescheduled the IME, and simultaneously requested that the arbitrator dismiss appellant's claim based on her failure to comply with the arbitrator's order requiring her to submit to the next scheduled IME. Appellant failed to attend the rescheduled IME, and respondent renewed its request that the arbitrator dismiss appellant's claim. At the August 5, 2003, hearing, the arbitrator did not dismiss appellant's claim, but instead took evidence concerning appellant's failure to attend any of the scheduled IMEs. Following the hearing, the arbitrator ordered appellant to attend the next scheduled IME and warned that failure to attend the IME would result in an award of costs against appellant. The arbitrator also continued the hearing for a second time, until October 14, 2003.

Respondent then sought relief in the district court from the arbitrator's August 5, 2003 order, alleging that the arbitrator exceeded his powers under Minn.Stat. § 572.19, subd. 1(3) (2002). The district court vacated the arbitrator's order, dismissed appellant's claim for unreimbursed medical expenses, and awarded respondent costs. This appeal follows.

### ISSUE

Is an arbitrator's interlocutory order concerning compliance with independent medical examinations subject to district court review under Minn.Stat. § 572.19, subd. 1(3) (2002), prior to the completion of arbitration proceedings and the issuance of an award?

### ANALYSIS

■ Appellant argues that in a matter involving the arbitration of no-fault insurance benefits, the district court lacks jurisdiction to review an arbitrator's "discovery ruling" because it does not constitute an "award" under Minn.Stat. § 572.19 (2002). Respondent contends that the arbitrator's discovery order constitutes an "award" under Minn. R. No–Fault Arb. 32, because the order provided appellant with a clear remedy—that she be permitted to attend the next IME and that the arbitration hearing be continued. We find no merit in respondent's position.

■ This court reviews de novo the existence of subject-matter jurisdiction. *Olson v. Am. Family Mut. Ins. Co.*, 636 N.W.2d 598, 601 (Minn.App.2001). Upon application by a party, the district court shall vacate an award when the arbitrator exceeds his power. Minn.Stat. § 572.19, subd. 1(3); *see* Minn. R. No–Fault Arb. 38 (applying the provisions of Minn.Stat. § 572.19 to a vacation of an award issued under the rules of procedure for no-fault arbitration). Minn.Stat. § 65B.525, subd. 1 (2002), provides that the American Arbitration Association has jurisdiction to arbitrate no-fault disputes when the claim at the commencement of arbitration is $10,000 or less. Minn.Stat. § 65B.525, subd. 2, also sets out rules that govern such arbitrations. One specific rule, Minn. R. No–Fault Arb. 32, provides that an award includes "any remedy or relief that the arbitrator deems just and equitable consistent with the Minnesota No–Fault Act."

Here, it is undisputed that the arbitrator's order requiring appellant to submit to the next scheduled IME was an *interlocutory* order involving discovery matters. *See* Minn.Stat. § 65B.56, subd. 1 (2002) (authorizing discovery of condition of claimant); *see also* Minn. R. No–Fault Arb. 12 (discovery rule authorizing arbitrator to order insured to submit to medical examination). Therefore, respondent cannot obtain judicial review of the arbitrator's discovery order because it is not an "award" under Minn.Stat. § 572.19.

Likewise, we reject respondent's argument that the arbitrator's discovery order constitutes an award based on Minn. R. No–Fault Arb. 32, entitled "scope of award." That rule provides "[t]he arbitrator may grant any remedy or relief that the arbitrator deems just and equitable consistent with the Minnesota No–Fault Act. The arbitrator may, in the award, include arbitration fees, expenses, rescheduling fees and compensation...." Minn. R. No–Fault Arb. 32. While that rule grants broad authority to arbitrators to grant any remedy or relief they deem necessary in the award, this does not mean that an interlocutory discovery order constitutes an award. Rather, the rule empowers arbitrators with great leeway in fashioning fair and equitable awards.

At oral argument respondent's counsel suggested that if an "award" must be final to fall within Minn. R. No–Fault Arb. 32, then the legislature would have preceded the word "award" in the statute with the word "final." We disagree. An "award" *is* "final." Indeed, "award" is defined as "[a] final judgment or decision, esp[ecially] one by an arbitrator or by a jury assessing damages." *Black's Law Dictionary* 132 (7th ed.1999); *see also Hoit v. Berger–Crittenden Co.*, 81 Minn. 356, 358, 84 N.W. 48, 49 (1900) ("[a]n award of arbitrators must be final and certain, and so determine the matter submitted that an action between the same parties will not afterwards lie in regard to it, or the award is void"). Thus, there is no need for "final" to precede "award" in the statute because an award is final.

Finally, we note that the cases respondent cites in support of its position are distinguishable because none of them address whether an arbitrator's discovery order may constitute an award. *See Yasuda Fire & Marine Ins. Co. of Eur., Ltd. v. Cont'l Cas. Co.*, 37 F.3d 345, 348–49 (7th Cir.1994) (order to post security for costs); *Pac. Reinsurance Mgmt. Corp. v. Ohio Reinsurance Corp.*, 935 F.2d 1019, 1023–25 (9th Cir.1991) ("Interim Final Order" requiring contribution to escrow account); *Island Creek Coal Sales Co. v. City of Gainesville*, 729 F.2d 1046, 1049 (6th Cir. 1984) (order for specific performance of a contract), *abrogated on other grounds, Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193, 196–97, 120 S.Ct. 1331, 1335, 146 L.Ed.2d 171 (2000).

Respondent's arguments are creative, but they are unsupported by the prevailing law. Moreover, to hold that a discovery order constitutes an award would undermine the fundamental principles of efficiency and effectiveness in arbitration by stripping arbitrators of the authority to make decisions regarding discovery matters and by allowing parties to appeal such orders to the district court before an award has been issued. Allowing review of this type of interlocutory order also contradicts the principle that a district court has limited review of arbitration awards. *See Aaron v. Illinois Farmers Ins. Group*, 590 N.W.2d 667, 669 (Minn. App.1999) (holding appeal from an arbitration decision is subject to an "extremely narrow standard of review" and that the reviewing court must exercise "every reasonable presumption" in favor of the arbi-

tration award's finality and validity). To hold otherwise would denigrate the long-standing principle that district courts have limited jurisdiction to deal with arbitration matters.

Finally, we note that respondent is not without a remedy. Following the issuance of an arbitration award, respondent may pursue its statutory remedies in the district court. Because we hold that the district court lacked jurisdiction to review the arbitrator's order, we need not reach respondent's claim that the arbitrator exceeded his authority in refusing to dismiss appellant's claim.

## DECISION

An interlocutory order dealing with discovery matters is not an award under Minn.Stat. § 572.19, subd. 1(3) (2002), and therefore the district court lacked jurisdiction to review the arbitrator's order.

**Vacated.**