*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

## STATE OF MINNESOTA
## IN COURT OF APPEALS
## A15-0760

Seagate Technology, LLC,
Appellant,

vs.

Western Digital Corporation, et al.,
Respondents,

Sining Mao,
Respondent.

**Filed January 25, 2016**
**Reversed and remanded**
**Rodenberg, Judge**

Hennepin County District Court
File No. 27-CV-06-19000

Lewis A. Remele, Jr., Mark R. Bradford, Jeffrey R. Mulder, Frederick E. Finch, Bassford Remele, P.A., Minneapolis, Minnesota (for appellant)

Michael D. Schissel (pro hac vice), Arnold & Porter LLP, New York, New York; and Clifford M. Greene, Larry D. Espel, Sybil L. Dunlop, Greene Espel PLLP, Minneapolis, Minnesota (for respondents Western Digital Corporation and Western Digital Technologies, Inc.)

George W. Soule, Soule & Stull LLC, Minneapolis, Minnesota (for respondent Sining Mao)

Considered and decided by Rodenberg, Presiding Judge; Schellhas, Judge; and Reilly, Judge.

UNPUBLISHED OPINION

**RODENBERG**, Judge

Appellant Seagate Technology, LLC (Seagate) challenges the district court's denial of its request for an award of post-arbitration-award interest, arguing that the district court erred in interpreting the underlying arbitration award as having determined post-award interest. Because we conclude that the arbitrator did not decide the issue of post-award interest, and because the plain language of Minn. Stat. § 549.09 (2014) mandates post-award interest on the amount of the entire award, we reverse and remand.

**FACTS**

The lengthy procedural history of this case, which we do not recite here, is included in the previous opinions of this court and the Minnesota Supreme Court. *See Seagate Tech., LLC v. W. Digital Corp.*, 854 N.W.2d 750, 753-57 (Minn. 2014), *aff'g* 834 N.W.2d 555 (Minn. App. 2013). Those opinions, collectively "*Seagate I*," generally concern the arbitrator's authority.

The supreme court issued its opinion in *Seagate I* on October 8, 2014, affirming this court's reinstatement of the arbitrator's final award. 854 N.W.2d 750. On October 13, 2014, respondents Western Digital Corporation and Western Digital Technologies, Inc. (together, Western) offered to satisfy what Western considered to be the full award amount, $773,404,103.74. Seagate accepted that amount as partial payment, but maintained that Western owed a balance of $28,884,751.64, because the total award amount as of December 24, 2014, including post-award interest, was $802,288,855.38. The discrepancy in the parties' calculations results from disagreement

over whether the arbitrator's final award provided the method for calculating post-award interest.

Seagate sought a declaratory judgment concerning the correct computation of interest. The parties brought cross-motions in the district court: Western sought a declaration that it had fully satisfied its liability, and Seagate sought judgment for what it claimed was the unpaid balance of the award, with interest. The narrow issue before the district court was the correct computation of interest owing on the arbitrator's award. Western based its interest calculation on the principal amount of the arbitrator's interim award, $525,000,000. Seagate based its interest calculation on a principal amount of $630,431,501, the sum of the arbitrator's compensatory-damages award plus the interest included in the final award.

The district court ruled for Western, construing the final award as having addressed both pre- and post-award interest. This appeal followed.

## D E C I S I O N

### I.     Standard of review.

We review a district court's interpretation of legal documents, such as arbitration awards, de novo. *See Halla Nursery, Inc. v. City of Chanhassen*, 781 N.W.2d 880, 884 (Minn. 2010) ("[W]e review de novo the district court's interpretation of [a] stipulation and judgment."); *Star Windshield Repair, Inc. v. Western Nat. Ins. Co.*, 768 N.W2d 346, 348 (Minn. 2009) ("[W]e independently review a lower court's interpretation of [an] insurance policy."); *Alpha Real Estate Co. of Rochester v. Delta Dental Plan of Minn.*, 671 N.W.2d 213, 221 (Minn. App. 2003) ("[T]he construction of [an unambiguous

3

contract provision] is a question of law for the court to resolve, and this court need not defer to the district court's findings."), *review denied* (Minn. Jan. 20, 2004) (quotations omitted). Western argues in a footnote in its brief that *Ray v. City of Maple Grove*, 519 N.W.2d 466 (Minn. App. 1994), *review denied* (Minn. Sept. 16, 1994) and *Johnson v. Newbold*, No. A06-760, 2007 WL 583332 (Minn. App. Feb. 27, 2007), when read together, suggest that we should review the district court's interpretation of the arbitrator's award for clear error. The narrow issue here, however, concerns the availability of prejudgment interest, which both parties agree that we review de novo. *Duxbury v. Spex Feeds, Inc.*, 681 N.W.2d 380, 390 (Minn. App. 2004), *review denied* (Minn. Aug. 25, 2006). Our de novo review requires us to consider the four corners of the arbitrator's final award and Minn. Stat. § 549.09. We do not evaluate the merits of the underlying dispute between the parties. The issue before us is one of law concerning which we do not defer to the district court. De novo review is appropriate.

II.     **Our opinion and the Minnesota Supreme Court's opinion in *Seagate I* did not resolve the issue of post-award interest.**

Western argues that the recitation of this case's procedural history in our opinion and in the supreme court's opinion in *Seagate I* should guide our interpretation of the arbitrator's final award. The district court relied on language in those opinions to conclude that the arbitrator decided the issue of post-award interest.

The references to "post-award interest" in the *Seagate I* opinions are contained in each court's recitation of background information. The issue then on appeal was whether the arbitrator exceeded his authority in imposing sanctions. *Seagate I*, 854 N.W.2d at

4

760. Neither we nor the supreme court considered the question of the proper interest calculation because the question in *Seagate I* was binary: should or should not the arbitrator's final award be vacated for having exceeded the arbitrator's authority? *Id.* at 765. The characterizations of interest are not necessary to the holdings in *Seagate I*, and are therefore dicta. *See State v. Naftalin*, 246 Minn. 181, 208, 74 N.W.2d 249, 266 (1956) (defining "dicta" as "expressions in a court's opinion which go beyond the facts before the court and therefore are . . . not binding on subsequent cases").

It is worth noting in this context that the statements of the appellate courts concerning interest in *Seagate I* arose from the parties' and the district court's characterizations of the magnitude of the arbitrator's final award. Both parties have taken a mercurial approach to the issue of post-award interest. In *Seagate I*, each advanced a position concerning post-award interest exactly opposed to that party's present arguments. Western argued then, attempting to demonstrate the claimed outrageousness of the award, that the arbitrator's final award included compensatory damages and pre-award interest for a total of approximately $630 million, with interest accruing at the rate of $173,000 per day. The $173,000 per day figure can only be replicated by using a principal amount of $630,431,501.[1] Conversely, Seagate argued in *Seagate I* that interest was accruing at $143,835.61 per day. That figure can only be arrived at by computing

---

[1] $630,431,501 principal x 0.10 interest rate = $63,043,150.10 annual interest. $63,043,150.10 ÷ 365 days = $172,720.95 daily interest. $172,720.95 x 7 days = $1,209.046.65 weekly interest. This calculation, and that which follows in note 2 *infra*, are for illustration only. The parties appear to have "rounded" to the next-lowest cent. Our present purpose does not involve focusing on the parties' rounding standards.

10% interest on a principal amount of $525,000,000.[2]  Each now takes the position formerly advanced by the other, and each claims that its position in this appeal is unquestionably correct.

Despite the parties' characterizations of the magnitude of interest in *Seagate I*, that earlier appeal did not involve, and neither this court nor the supreme court considered, the question presented in this appeal:  should post-award interest on these facts be computed on the principal amount of the award ($525,000,000) or on the entire final award ($630,431,501)?

### III.    The arbitrator did not decide the availability or calculation of post-award interest.

If an arbitrator's final award includes post-award interest and establishes how it must be computed, then the arbitrator's decision is final and binding on the parties, regardless of whether it is legally correct.  *See Seagate I*, 854 N.W.2d at 760-61 (noting that an arbitration award is final unless the arbitrator clearly acts beyond the scope of his or her authority); *State v. Minn. Ass'n of Prof'l Emps.*, 504 N.W.2d 751, 754 (Minn. 1993) ("[An arbitrator's] award will not be reviewed or set aside for mistake of either law or fact in the absence of fraud, mistake in applying his own theory, misconduct, or other disregard of duty.") (citation omitted).  Therefore, we first consider whether the arbitrator's final award resolved the issue of post-award interest.

---

[2] $525,000,000 principal x 0.10 interest rate = $52,500,000 annual interest.  $52,500,000 ÷ 365 days = $143,835.61 daily interest.  $143,835.61 x 7 days = $1,006,849.27 weekly interest.

The district court concluded that the final award addressed both pre- and post-award interest and provided a mechanism for calculating post-award interest because the arbitrator made two interest calculations: (1) "pre-award interest" from January 21, 2010 to November 18, 2011, and (2) "interest" from November 19, 2011 to January 23, 2012. Both calculations apply 10% interest to the underlying compensatory-damage award, $525,000,000. The day that separates the two calculations, November 18, 2011, is the date of the arbitrator's interim award. Therefore, the district court interpreted the final award as having determined that all future interest would be computed based on the principal amount of the interim award.

The final award stated:

> Seagate is entitled to recover compensatory damages from Western Digital and Dr. Mao in the amount of Five Hundred Twenty-Five Million Dollars ($525,000,000). Seagate is entitled to recover *pre-award interest* from Western Digital and Dr. Mao from January 21, 2010 to November 18, 2011, the date of the Interim Award, on the award of $525,000,000 at the rate of 10% per annum in the amount of $95,938,351.00. Seagate is entitled to recover *interest* from Western Digital and Dr. Mao on the award of $525,000,000 at the rate of 10% per annum from November 19, 2011 to January 23, 2012, the date of the Final Award, in the amount of $9,493,150.00.

(Emphasis added). The arbitrator introduced this section by recapping the arbitration proceedings to that point. Specifically, the arbitrator noted that the interim award provided for "pre-award interest on the compensatory damage award" and requested that the parties brief the issue of *pre-award* interest. The final award made no reference to "*post-award*" interest, and provides no indication that the arbitrator considered or decided

the issue of post-award interest. In the arbitrator's memorandum that accompanied the final award, he based his conclusions on Minn. Stat. § 549.09, subd. 1(b), which governs pre-award interest. And neither party appears to have requested that the arbitrator clarify whether the final award intended to resolve the issue of post-award interest.

In determining that all future interest would be calculated on the principal amount of the interim award, the district court erred in considering the interim award as one susceptible of confirmation. Under Minn. Stat. § 572.15(a) (2010), an "award must include interest."[3] Once a party receives notice of an award, the party may file a motion with the district court to confirm the award. Minn. Stat. § 572.19 (2010). Minnesota courts consider an arbitration award to be a "final judgment," one allowing the prevailing party to confirm and collect the award. *Aufderhar v. Data Dispatch, Inc.*, 452 N.W.2d 648, 651 (Minn. 1990) (affording "an arbitration award finality as to both facts and the law" for the purposes of triggering collateral estoppel). And the Minnesota Supreme Court has held that "[a]n award of arbitrators must be final and certain, and so determine the matter submitted that an action between the same parties will not afterwards lie in regard to it, or the award is void." *Hoit v. Berger-Crittenden Co.*, 81 Minn. 356, 358, 84 N.W. 48, 49 (1900).

---

[3] Effective August 1, 2011, Minn. Stat. § 572.08-.30 (2010) were repealed and replaced by substantially similar provisions in Minn. Stat. § 572B.01-.30 (2012). Act of April 22, 2010, ch. 264, art. 1, §§ 7, 15, 23, 32-33, 2010 Minn. Laws 499, 501-02, 505, 508-09. As the supreme court noted in *Seagate I*, however, the repealed provisions continue to govern this case because this arbitration began in October 2006. 854 N.W.2d at 754 n.1 (citing Minn. Stat. § 572B.30 (2012), which provides that the provisions in section 572B are inapplicable to an arbitration that began before August 1, 2011).

Here, the arbitrator's interim award reserved and sought the parties' briefing on the issue of pre-award interest. Until the arbitrator issued the final award, neither party could have sought confirmation of the award.

We conclude that the arbitrator did not decide the issue of post-award interest.

**IV. Minn. Stat. § 549.09 provides for post-award interest on the amount of the entire final award.**

Because we conclude that the arbitrator did not decide post-award interest, we next consider whether Seagate is entitled to post-award interest and, if so, how interest is properly calculated on these facts.

Seagate argues that it is entitled to post-award interest on the sum of the compensatory-damages award plus the interest awarded by the arbitrator's final award. Western argues that Seagate is not entitled to "interest on interest" under Minn. Stat. § 549.09, that the final award determined post-award interest, and that the final award has been paid in full.

Minn. Stat. § 549.09, subd. 1(a) provides, in relevant part: "When a judgment or award is for the recovery of money . . . interest from the time of the . . . award . . . until judgment is finally entered shall be computed by the court administrator or arbitrator . . . and added to the judgment or award." Subdivision 1(c)(2) provides: "For a judgment or award over $50,000 . . . the interest rate shall be ten percent per year until paid." Under the plain language of the statute, post-award interest is mandatory ("shall") and must be calculated at a rate of ten percent. The remaining issue is what constitutes the "award" to which the post-award interest should be added.

9

Under Minnesota law, an award includes damages and pre-award interest. The Minnesota Supreme Court has held that preverdict interest "is an element of damages awarded to provide full compensation by converting time-of-demand . . . damages into time-of-verdict damages." *Lienhard v. State*, 431 N.W.2d 861, 865 (Minn. 1988). The supreme court has also held that prejudgment interest is an element of compensatory damages in the context of underinsured motorist coverage policy limits. *Lessard v. Milwaukee Ins. Co.*, 514 N.W.2d 556, 558 (Minn. 1994). And we have held the same concerning statutory limits on tort-damages awards. *Myers v. Hearth Techs., Inc.*, 621 N.W.2d 787, 794 (Minn. App. 2001), *review denied* (Minn. Mar. 13, 2001). Just last year, we held that "[b]ecause preverdict interest is part of compensatory damages, it is part of a prevailing party's judgment or award" under the language of Minn. Stat. § 549.09, subd. 1(a). *Hogenson v. Hogenson*, 852 N.W.2d 266, 276 (Minn. App. 2014). These cases establish that Minnesota courts have long considered an award to include damages plus pre-award interest, consistent with the plain language of Minn. Stat. § 549.09.

Western argues that *Hogenson* is inapplicable because it involved a judicial proceeding, rather than arbitration. Reliance on *Hogenson* is not necessary to our conclusion here, but we note that Minn. Stat. § 549.09 applies equally to awards and judgments. *See* Minn. Stat. § 549.09, subd. 1(a) ("When a judgment or award is for the recovery of money. . . ."); *id.*, subd. 1(b) ("[P]reverdict, preaward, or prereport interest . . . shall be computed."). We rely on the plain language of the statute.

We note that the district court's October 12, 2012 order accepted the approach we now adopt concerning the proper computation of interest. The figures in the district court's footnote 2 of its October 12, 2012 memorandum of law cannot be replicated any other way. Footnote 2 reads: "The $525 Million award, plus the interest calculation of approximately $106 million, plus the interest accruing at more than $1.2 million per week, makes this award the largest ever in the U.S., according to defense counsel." The $1.2 million per week interest figure can only be arrived at by using a principal amount of $630,431,501. *See supra* note 1. The dicta in our opinion and in the supreme court's opinion in *Seagate I* apparently referred to this *ongoing* post-award interest, premised on the arbitrator *not* having determined post-award interest. Closely examined, the procedural history, and even the reference to interest in the earlier decisions of all three courts in *Seagate I*, support our conclusion that the plain language of Minn. Stat. § 549.09, as applied to the arbitrator's final award, requires post-award interest to be calculated on the total amount of the arbitrator's final award, including the computed pre-award interest.

In sum, we conclude that the arbitrator did not decide the issue of post-award interest and that, under Minn. Stat. § 549.09, Seagate is entitled to interest on the entire amount of the arbitrator's award, $630,431,501, which is the sum of the compensatory-damages award plus pre-award interest. We therefore reverse the district court and remand for the entry of judgment consistent with this opinion.

**Reversed and remanded.**

11